1

1        UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF OHIO
2              EASTERN DIVISION

3

4    UNITED STATES OF AMERICA,      Case No. 5:08CR290

5              Plaintiff,           Akron, Ohio

6         vs.                       Friday, February 6, 2009

7    SERGIO DURAZO,                 10:00 a.m.

8    JESSE CECENA,

9              Defendants.

10

11              TRANSCRIPT OF PROCEEDINGS
                   CHANGE OF PLEA
12          BEFORE THE HONORABLE SARAH LIOI
              UNITED STATES DISTRICT JUDGE
13
     APPEARANCES:
14   For the Government:        Robert E. Bulford, Jr.
                                Assistant United States Attorney
15                              2 South Main Street, Suite 208
                                Akron, Ohio   44308
16                              (330) 761-0522

17   For Defendant Durazo:      Clay Hernandez, Attorney at Law
                                455 West Paseo Rodondo
18                              Tucson, Arizona   85701
                                (520) 882-8823
19
     For Defendant Cecena:      Jose H. Robles, Attorney at Law
20                              455 West Paseo Redondo
                                Tucson, Arizona 85701
21                              (520) 628-1300

22   Court Reporter:            Lori K. Phillips, RMR
                                Bish & Associates, LLC
23                              520 South Main Street, Suite 2501
                                Akron, Ohio   44311
24                              (330) 762-0031

25   Proceedings recorded by mechanical stenography.
     Transcript produced by computer-aided transcription.

1          THE COURT:  Good morning.  Please be seated.

2     We're here on Case Number 5:08 CR 290 United States of

3     America versus Sergio Durazo and Jesse Cecena.

4          Mr. Durazo is present in the courtroom accompanied by

5     his counsel, Attorney Clayton Hernandez.  Also present is

6     Defendant Jesse Cecena accompanied by his counsel Jose

7     Robles.  Good morning.

8               MR. HERNANDEZ:  Good morning.

9               MR. ROBLES:  Good morning.

10              THE COURT:  Also present is Assistant United

11    States Attorney Robert Bulford representing the government.

12    Good morning.

13              MR. BULFORD:  Good morning.

14              THE COURT:  It's the Court's understanding that

15    both Defendants wish to enter a plea today to Count 1 of

16    the indictment and it's also the Court's understanding that

17    there is no objection to taking these pleas simultaneously;

18    is that correct, counsel?  And I'll begin with Mr.

19    Hernandez.

20              MR. HERNANDEZ:  Yes, Judge, that's correct.

21              THE COURT:  And Mr. Robles.

22              MR. ROBLES:  That is correct, Your Honor.

23              THE COURT:  And finally, Mr. Bulford.

24              MR. BULFORD:  That's correct, Your Honor.

25              THE COURT:  All right.  Now, so that we don't

1    drive the court reporter crazy in trying to take down this

2    record, we're going to proceed in the order of the names in

3    the indictment, which would be Mr. Durazo first and then

4    Mr. Cecena second on response.

5        Now, I want you to understand, Mr. Durazo and Mr.

6    Cecena, that when you respond, Mr. Durazo, you will be

7    responding first to my questions and Mr. Durazo or Mr.

8    Cecena will then respond following Mr. Durazo, but your

9    responses have to be your own individual responses.

10       For instance, Mr. Cecena, if the response to Mr.

11   Durazo to one of my questions is yes and your response is

12   no, then don't say yes just because Mr. Durazo said yes.

13   Do you understand?

14              DEFENDANT CECENA:  (Nodding yes.)

15              THE COURT:  I want your own individual answer.

16   Do you understand this instruction?

17              DEFENDANT CECENA:  Yes, ma'am.

18              THE COURT:  Okay.  So with that, it is my

19   understanding that at this time you both wish to withdraw

20   your formerly entered pleas of not guilty and enter a plea

21   of guilty in this case to Count 1 of the indictment which

22   charges you with conspiracy to distribute and to possess

23   with intent to distribute cocaine and marijuana in

24   violation of Title 21, United States Code Section 846; is

25   this correct?  Mr. Durazo, you respond first.

4

1              DEFENDANT DURAZO:  Yes.

2              THE COURT:  And Mr. Cecena.

3              DEFENDANT CECENA:  Yes, ma'am.

4              THE COURT:  Counsel, are you prepared to

5       proceed?

6              MR. HERNANDEZ:  Yes, Judge.

7              MR. ROBLES:  Yes, Your Honor.

8              THE COURT:  Very well.  Miss Porter, would you

9       kindly place both Defendants under oath.

10                  SERGIO DURAZO and JESSE CECENA

11      of lawful age, Defendants herein, having been first duly

12      sworn, as hereinafter certified, testified and said as

13      follows:

14             THE COURT:  You may be seated.  Do you

15      understand that you are now under oath and that you have

16      sworn to tell the truth?

17             DEFENDANT DURAZO:  Yes.

18             DEFENDANT CECENA:  Yes, ma'am.

19             THE COURT:  Do you understand that any answers

20      that you give that would later prove to be false or

21      untruthful could be used against you in a later prosecution

22      for perjury?

23             DEFENDANT DURAZO:  Yes.

24             DEFENDANT CECENA:  Yes, ma'am.

25             THE COURT:  I will ask counsel if you would

1  kindly move the microphones closer to your clients so,

2  again, the court reporter can hear their responses.  Thank

3  you.

4       Before I can decide whether to accept your separate

5  pleas in this case it is necessary that I ask a number of

6  questions of you to be sure that you understand the

7  constitutional rights that you will be giving up by

8  entering your plea and to make certain that you understand

9  what the consequences of your plea may be.

10       If you have any questions whatsoever, please ask me

11  to stop so that you may ask your question and the Court,

12  your attorney or the government's attorney will answer your

13  question.  Do you understand this instruction?

14            DEFENDANT DURAZO:  Yes.

15            DEFENDANT CECENA:  Yes, ma'am.

16            THE COURT:  Please state your full name.

17            DEFENDANT DURAZO:  Sergio Abraham Durazo.

18            THE COURT:  And could you spell that, your first

19  name, please.

20            DEFENDANT DURAZO:  S-e-r-g-i-o.

21            THE COURT:  And then what is your second name?

22            DEFENDANT DURAZO:  A-b-r-a-h-a-m.

23            THE COURT:  Okay.  Abraham.  And Durazo is your

24  last name?

25            DEFENDANT DURAZO:  Yes.

1                THE COURT: All right. So Sergio Abraham
2       Durazo.
3                DEFENDANT DURAZO: Yes.
4                THE COURT: What is your age, sir?
5                DEFENDANT DURAZO: 41 years.
6                THE COURT: Are you a citizen of the United
7       States?
8                DEFENDANT DURAZO: No, ma'am.
9                THE COURT: Okay. Since you indicate, Mr.
10      Durazo, that you are not a citizen of the United States,
11      you are hereby advised that conviction of the offense to
12      which you have indicated that you would like to plead
13      guilty may have the consequence of deportation from the
14      United States, exclusion from admission to the United
15      States or denial of naturalization pursuant to the laws of
16      the United States. Do you understand this notification
17      that I have given you?
18               DEFENDANT DURAZO: Yes.
19               THE COURT: Okay. Not withstanding this
20      notification do you still wish to proceed with your plea in
21      this case?
22               DEFENDANT DURAZO: Yes.
23               THE COURT: Have you discussed this specific
24      issue that I've just notified you of with your attorney?
25               DEFENDANT DURAZO: Yes.

1        THE COURT:  Okay.  And do you understand the

2   consequences of your plea as it pertains to possible

3   deportation, exclusion from admission to the United States

4   or denial of naturalization --

5        DEFENDANT DURAZO:  Yes.

6        THE COURT:  -- pursuant to the laws of the

7   United States.

8        DEFENDANT DURAZO:  Yes.

9        THE COURT:  All right.  Mr. Cecena -- I'm sorry,

10  Mr. Hernandez, do you believe your client fully understands

11  the consequences as it relates to this particular

12  notification that I've given?

13        MR. HERNANDEZ:  Yes, ma'am.

14        THE COURT:  Okay.  Thank you.  Mr. Durazo, are

15  you able to read, write and understand the English

16  language?

17        DEFENDANT DURAZO:  Yes.

18        THE COURT:  Are you having any difficulty

19  understanding me at all?

20        DEFENDANT DURAZO:  No.

21        THE COURT:  If you have any difficulty

22  understanding me, please let me know.  It's very important

23  that you understand what is being said at this hearing.  Do

24  you understand that?

25        DEFENDANT DURAZO:  Yes.

1           THE COURT:  How far did you go in school?

2           DEFENDANT DURAZO:  High school.

3           THE COURT:  High school?

4           DEFENDANT DURAZO:  Yes.

5           THE COURT:  Did you graduate high school?

6           DEFENDANT DURAZO:  Yes.

7           THE COURT:  Okay.  Are you presently under the

8    influence of any drugs, any alcohol or any chemical

9    substance that might in any way impact your ability to

10   understand these proceedings?

11          DEFENDANT DURAZO:  No.

12          THE COURT:  Do you have any mental conditions

13   that would in any way interfere with your ability to

14   understand these proceedings?

15          DEFENDANT DURAZO:  No.

16          THE COURT:  All right.  Mr. Cecena, if you would

17   kindly state your full name.

18          DEFENDANT CECENA:  Jesse Edward Cecena.

19          THE COURT:  What is your age?

20          DEFENDANT CECENA:  49.

21          THE COURT:  Are you a citizen of the United

22   States?

23          DEFENDANT CECENA:  Yes, ma'am.

24          THE COURT:  Are you able to read, write and

25   understand the English language?

1          DEFENDANT CECENA:  Yes, ma'am.

2          THE COURT:  How far did you go in school?

3          DEFENDANT CECENA:  Eighth grade.

4          THE COURT:  Eighth grade.  Are you presently

5   under the influence of any drugs, any alcohol or any

6   chemical substance that might in any way impact your

7   ability to understand these proceedings?

8          DEFENDANT CECENA:  No, ma'am.

9          THE COURT:  Do you have any mental conditions

10   that would in any way interfere with your ability to

11   understand these proceedings?

12          DEFENDANT CECENA:  No, ma'am.

13          THE COURT:  All right.  Based upon the responses

14   given by the Defendant we will continue with this plea.

15   Have you received a copy of the indictment which contains

16   the written charge made against you in this case?

17          DEFENDANT DURAZO:  Yes.

18          THE COURT:  Mr. Cecena, you likewise?

19          DEFENDANT CECENA:  Yes, ma'am.

20          THE COURT:  Okay.  Have you had an adequate time

21   and opportunity to review the indictment and discuss the

22   charges and the case in general with your attorney?

23          DEFENDANT DURAZO:  Yes, I did.

24          DEFENDANT CECENA:  Yes.

25          THE COURT:  In this case there is a written plea

1    agreement between you and the government.  You each have

2    your own separate written plea agreement.  I have the

3    originals of the agreement here before me.  As it pertains

4    to Mr. Durazo the original consists of 12 pages and appears

5    to have your signature next to today's date on page 10 of

6    the agreement.

7         As to Mr. Cecena his agreement appears to consist of

8    13 pages and appears to have his signature next to today's

9    date on page 10 of his agreement.  Are these your

10   respective signatures on your respective plea agreements on

11   page 10?

12              DEFENDANT DURAZO:  Yes.

13              DEFENDANT CECENA:  Yes, ma'am.

14              THE COURT:  Did you each sign your respective

15   agreement today?

16              DEFENDANT CECENA:  Yes.

17              DEFENDANT DURAZO:  Yes.

18              THE COURT:  Did you sign the agreement after you

19   had adequate time and opportunity to read and review your

20   respective agreements and discuss your agreement with your

21   attorney?

22              DEFENDANT DURAZO:  Yes.

23              DEFENDANT CECENA:  Yes, ma'am.

24              THE COURT:  Okay.  Can't talk at the same time.

25   All right.  Do you each have a copy of your separate plea

1      agreement?

2                      DEFENDANT DURAZO:  Yes.

3                      DEFENDANT CECENA:  Yes.

4                      THE COURT:  You may wish to refer to your plea

5      agreement as we proceed in this hearing this morning.  I

6      will be making references to the numbered paragraphs of the

7      agreement and so it might be easier for you to follow along

8      as we discuss if you refer to the numbered paragraphs in

9      the order that I refer to them.

10              First of all, do you understand the terms of the plea

11     agreement?

12                     DEFENDANT DURAZO:  Yes.

13                     DEFENDANT CECENA:  Yes, ma'am.

14                     THE COURT:  Do you understand that you have a

15     right to persist and that is to maintain your plea of not

16     guilty as to the charges set forth against you in the

17     indictment and you would then go to trial?

18                     DEFENDANT CECENA:  Yes, ma'am.

19                     DEFENDANT DURAZO:  Yes.

20                     THE COURT:  Okay.  Do we have that in the right

21     order?  Okay.  Do you understand that currently there is a

22     jury trial scheduled in this case set to commence the week

23     of March 2nd, 2009.

24                     DEFENDANT DURAZO:  Yes.

25                     DEFENDANT CECENA:  Yes, ma'am.

1           THE COURT:  Do you understand that if there were

2       a trial in this case you would enjoy certain important

3       constitutional rights?

4               DEFENDANT DURAZO:  Yes.

5               DEFENDANT CECENA:  Yes, ma'am.

6           THE COURT:  Do you further understand that by

7       entering a plea of guilty you are giving up these rights?

8               DEFENDANT DURAZO:  Yes.

9               DEFENDANT CECENA:  Yes, ma'am.

10          THE COURT:  These rights are summarized in your

11      separate plea agreements at paragraph 2.  I'm going to

12      review and discuss these rights with you now.  If you have

13      any questions, please stop me, let me know that you have a

14      question and your question will be addressed.

15          First of all, you have a constitutional right if you

16      wish to have your case tried to a jury.  By entering a plea

17      of guilty to Count 1 of the indictment you are giving up

18      your right to jury trial.  Do you understand this right?

19              DEFENDANT DURAZO:  Yes.

20              DEFENDANT CECENA:  Yes, ma'am.

21          THE COURT:  Do you give up this right?

22              DEFENDANT DURAZO:  Yes.

23              DEFENDANT CECENA:  Yes, ma'am.

24          THE COURT:  You also have a right, if the

25      government agrees and the Court approves, to waive a jury

1        and have this case tried before me, the Judge, without a

2        jury.  Do you understand this right?

3                    DEFENDANT DURAZO:  Yes.

4                    DEFENDANT CECENA:  Yes, ma'am.

5                    THE COURT:  Do you give up this right?

6                    DEFENDANT DURAZO:  Yes.

7                    DEFENDANT CECENA:  Yes, ma'am.

8                    THE COURT:  If there were a trial in this case

9        you would be presumed innocent.  The government would be

10       required to prove that you are guilty by competent evidence

11       beyond a reasonable doubt.  Do you understand this right?

12                   DEFENDANT DURAZO:  Yes.

13                   DEFENDANT CECENA:  Yes, ma'am.

14                   THE COURT:  Do you give up this right?

15                   DEFENDANT DURAZO:  Yes.

16                   DEFENDANT CECENA:  Yes, ma'am.

17                   THE COURT:  If there were a trial in this case

18       you would have the right to confront and cross-examine

19       witnesses called against you.  That is, witnesses for the

20       government would have to come to court and testify in your

21       presence and your attorney could cross-examine those

22       witnesses and object to evidence the government offers in

23       this case.  Do you understand this right?

24                   DEFENDANT DURAZO:  Yes.

25                   DEFENDANT CECENA:  Yes, ma'am.

1           THE COURT:  Do you give up this right?

2           DEFENDANT DURAZO:  Yes.

3           DEFENDANT CECENA:  Yes, ma'am.

4           THE COURT:  If you were to go to trial you would

5    also have the right to call witnesses to testify on your

6    own behalf.  You could compel them to appear here in court

7    to testify for you by the issuance of a subpoena which is a

8    court order.  Do you understand this right?

9           DEFENDANT DURAZO:  Yes.

10          DEFENDANT CECENA:  Yes.

11          THE COURT:  Do you give up this right?

12          DEFENDANT DURAZO:  Yes.

13          DEFENDANT CECENA:  Yes.

14          THE COURT:  If there were a trial you would have

15   the right to testify in your own behalf but you would also

16   have the right not to testify.  That is, you would have the

17   right to remain silent in this case and no argument or

18   suggestion of your guilt could be made based upon your

19   exercise of your right to remain silent.  Do you understand

20   this right?

21          DEFENDANT DURAZO:  Yes.

22          DEFENDANT CECENA:  Yes, ma'am.

23          THE COURT:  Do you give up this right?

24          DEFENDANT DURAZO:  Yes.

25          DEFENDANT CECENA:  Yes, ma'am.

1           THE COURT:  In addition to the rights we've just

2    reviewed, you also understand that you have the right to an

3    attorney at every stage of these proceedings and if

4    necessary and appropriate one will be appointed to

5    represent you.

6           DEFENDANT DURAZO:  Yes.

7           DEFENDANT CECENA:  Yes, ma'am.

8           THE COURT:  Do you understand that if I accept

9    your plea of guilty you will be giving up all of the rights

10   that we have just discussed, there will be no trial and I

11   will enter a judgment of guilty against you in this case as

12   to Count 1 of the indictment?

13          DEFENDANT DURAZO:  Yes.

14          DEFENDANT CECENA:  Yes, ma'am.

15          THE COURT:  Do you have any questions whatsoever

16   thus far?

17          DEFENDANT DURAZO:  No.

18          DEFENDANT CECENA:  None at all.

19          THE COURT:  Very well.  We will continue.  As

20   set forth in paragraph 3 of the agreement, Count 1 charges

21   you with conspiracy to distribute and to possess with

22   intent to distribute at least 1,000 kilograms of marijuana

23   and 50 kilograms of cocaine in violation of Title 21,

24   United States Code Section 846.

25          And as set forth in paragraph 4 of the plea agreement

1     based upon the type and amount of controlled substance

2     involved within the scope of your criminal conduct the

3     statutory penalty for Count 1 is a mandatory minimum term

4     of imprisonment of 10 years, that is, 120 months, up to a

5     maximum of life imprisonment without parole, a fine in the

6     amount of $4,000,000 and a mandatory term of at least five

7     years of supervised release which would follow any period

8     of incarceration.  Do you understand that these are the

9     possible statutory penalties that you face in this matter?

10            DEFENDANT DURAZO:  Yes.

11            DEFENDANT CECENA:  Yes, ma'am.

12            THE COURT:  With respect to supervised release,

13    upon being released from any period of incarceration that

14    the Court imposes, you will be subject to supervised

15    release.  While on supervised release you will be required

16    to abide by certain conditions such as not using drugs,

17    submitting to drug testing and other conditions.  If you

18    violate any term or condition of supervised release, you

19    could be subject to an additional period of incarceration.

20    Do you understand this?

21            DEFENDANT DURAZO:  Yes.

22            DEFENDANT CECENA:  Yes, ma'am.

23            THE COURT:  Do you understand as set forth in

24    paragraph 4 of the plea agreement that you will be required

25    by law to pay a mandatory $100 special assessment and that

1    such assessment is due and payable immediately upon

2    sentencing?

3                   DEFENDANT DURAZO:  Yes.

4                   DEFENDANT CECENA:  Yes, ma'am.

5                   THE COURT:  As set forth in paragraph 5 of the

6    plea agreement sentencing rests within the discretion of

7    the Court and federal sentencing law requires the Court to

8    impose a sentence sufficient but not greater than necessary

9    to comply with the sentencing purposes set forth in Title

10   18, United States Code Section 3553(a) and the court must

11   consider the advisory sentencing guidelines and other

12   sentencing factors set forth in Section 3553(a) in

13   determining your respective sentences in this case.

14        For instance, the Court is required to consider the

15   nature and circumstances of your offense, your history,

16   characteristics and prior record, the kinds of sentences

17   that are imposed in other cases of this nature, the

18   appropriate sentence that will afford deterrence, prevent

19   others from engaging in this conduct and that will protect

20   the public.

21        The Court will also have to make certain that you

22   have an opportunity for any educational, vocational

23   training or any correctional treatment that might assist

24   you in this matter and the Court is required, of course, to

25   give consideration to the advisory sentencing guidelines.

1     Do you understand all of this?

2               DEFENDANT DURAZO:  Yes.

3               DEFENDANT CECENA:  Yes, ma'am.

4               THE COURT:  Do you further understand as set

5     forth in paragraph 5 of the plea agreement that the

6     advisory guideline sentencing range will be determined by

7     the Court at the time of sentencing after a pre-sentence

8     report has been prepared by the United States Probation

9     Office and reviewed by the parties?

10              DEFENDANT DURAZO:  Yes.

11              DEFENDANT CECENA:  Yes.

12              THE COURT:  Do you understand that it is the

13    obligation of the government to provide to the United

14    States Probation Office all known information regarding you

15    and your conduct including charged and uncharged criminal

16    offenses?

17              DEFENDANT DURAZO:  Yes.

18              DEFENDANT CECENA:  Yes.

19              THE COURT:  Do you understand as set forth in

20    paragraph 6 of the plea agreement that the recommendations

21    of the parties will not be binding upon the Court, that the

22    Court alone will decide the applicable sentencing range

23    under the advisory sentencing guidelines and further decide

24    whether there is any basis to depart or vary from that

25    range or impose a sentence outside of the guidelines and in

1     the end the Court will, in fact, determine what sentence to

2     impose.  Do you understand that?

3               DEFENDANT DURAZO:  Yes.

4               DEFENDANT CECENA:  Yes, ma'am.

5               THE COURT:  Do you further understand as set

6     forth in paragraph 6 of the plea agreement that once this

7     Court has accepted your guilty plea you will not have the

8     right to withdraw your plea and that this would be so even

9     if the Court does not accept the sentencing recommendations

10    made by the parties or if you are otherwise dissatisfied

11    with your sentence in this case?

12              DEFENDANT DURAZO:  Yes.

13              DEFENDANT CECENA:  Yes.

14              THE COURT:  Do you understand that for purposes

15    of determining the appropriate statutory penalty and

16    imprisonment range under the advisory sentencing

17    guidelines, you and the government have agreed in paragraph

18    7 to the following:  That the amount of drugs independently

19    known by the government to be within the scope of your

20    criminal conduct in relation to Count 1 is at least 10,000

21    kilograms but less than 30,000 kilograms of marijuana and

22    that this would then compute to a Base Offense Level of 36

23    under the sentencing guidelines.  Do you understand what

24    I've just said?

25              DEFENDANT DURAZO:  Yes.

1               DEFENDANT CECENA:  Yes, ma'am.

2               THE COURT:  Do you further understand as set

3       forth in paragraph 7 that except for acceptance of

4       responsibility you and the government agree that no other

5       offense level adjustments should apply in this case?

6               DEFENDANT DURAZO:  Yes.

7               DEFENDANT CECENA:  Yes, ma'am.

8               THE COURT:  Do you understand as set forth in

9       paragraph 8 of your respective agreements that for purposes

10      of determining whether you are entitled to a three level

11      reduction in your offense level for acceptance of

12      responsibility the government agrees to advise this Court

13      at the time of sentencing that it had not completed trial

14      preparation at the time of your plea?

15              DEFENDANT DURAZO:  Yes.

16              DEFENDANT CECENA:  Yes.

17              THE COURT:  Not withstanding this, however, do

18      you understand that the decision regarding whether you

19      receive a three level reduction or any reduction for that

20      matter for acceptance of responsibility rests solely within

21      the discretion of the Court and will be determined by the

22      Court after it has received the pre-sentence investigation

23      report and further determined in accordance with the

24      applicable guideline provisions?

25              DEFENDANT DURAZO:  Yes.

1          DEFENDANT CECENA:  Yes, ma'am.

2          THE COURT:  Do you understand as set forth in

3     paragraph 9 of the plea agreement that your Criminal

4     History Category will be determined by the Court after the

5     Court has received the pre-sentence investigation report?

6          DEFENDANT DURAZO:  Yes.

7          DEFENDANT CECENA:  Yes, ma'am.

8          THE COURT:  Do you acknowledge that the

9     government has not promised or agreed that you will fall

10     within any particular Criminal History Category?

11          DEFENDANT DURAZO:  Yes.

12          DEFENDANT CECENA:  Yes.

13          THE COURT:  Having said that, counsel, do you

14     have any idea what Criminal History Category might apply

15     with respect to these Defendants?  Mr. Hernandez.

16          MR. HERNANDEZ:  Judge, it's our belief that our

17     client will be -- or Mr. Durazo will be a Criminal History

18     Category I.

19          THE COURT:  I.  Okay.  And Mr. Robles?

20          MR. ROBLES:  Criminal History I.

21          THE COURT:  All right.  And, Mr. Durazo and Mr.

22     Cecena, your respective attorneys have indicated that they

23     believe your Criminal History Category will be calculated

24     under Criminal History Category I.

25          Notwithstanding their prediction, do you understand

1     that your Criminal History Category will not be known and

2     will not be determined until this Court has received the

3     pre-sentence report that contains all of your background

4     information.  Understood?

5                    DEFENDANT DURAZO:  Yes.

6                    DEFENDANT CECENA:  Yes, ma'am.

7                    THE COURT:  As set forth in paragraph 10 of the

8     plea agreement, do you understand that the Court within its

9     discretion may order you to pay a fine in addition to any

10    special assessment and that the Court could also order you

11    to pay the costs of the incarceration and/or supervised

12    release?

13                   DEFENDANT DURAZO:  Yes.

14                   DEFENDANT CECENA:  Yes, ma'am.

15                   THE COURT:  Do you understand as set forth in

16    paragraph 11 of the plea agreement that the government

17    agrees to recommend that the Court impose a sentence within

18    the range determined pursuant to the advisory sentencing

19    guidelines in accordance with the computations and

20    stipulations set forth in the agreement and that both you

21    and the government have reserved the right to speak at

22    sentencing to the Court regarding your sentence in this

23    case?

24                   DEFENDANT DURAZO:  Yes.

25                   DEFENDANT CECENA:  Yes.

1           THE COURT:  Do you also understand that at the

2      time of sentencing for Count 1 the government agrees to

3      move the Court to dismiss Count 2 of the indictment which

4      is one count of interstate travel to promote unlawful

5      activity.

6           DEFENDANT DURAZO:  Yes.

7           DEFENDANT CECENA:  Yes.

8           THE COURT:  Do you understand as set forth in

9      paragraph 12 of the plea agreement that except under

10     limited circumstances you are giving up your right to

11     appeal your conviction and sentence in this case and that

12     you're giving up your right to challenge your conviction

13     and sentence at the later time, again, except in very

14     limited circumstances?

15          DEFENDANT DURAZO:  Yes.

16          DEFENDANT CECENA:  Yes.

17          THE COURT:  Specifically under the plea

18     agreement you would have the right to appeal any of the

19     following:  Any sentence in excess of the statutory maximum

20     sentence provided for the offense charged in Count 1 of the

21     indictment; any sentence to the extent it exceeds the

22     maximum advisory guideline computation contemplated by the

23     parties in your respective plea agreements and calculation

24     of your Criminal History Category.

25          You also have the right to appeal or collaterally

1    attack any claim you may have relative to ineffective

2    assistance of counsel or prosecutorial misconduct.  Do you

3    understand all of this?

4                DEFENDANT DURAZO:  Yes.

5                DEFENDANT CECENA:  Yes.

6                THE COURT:  Do you understand that under the

7    rights to appeal that I've just discussed with you you are

8    giving up all other rights to appeal or collaterally attack

9    to any other proceeding your sentence and conviction in

10   this case?

11               DEFENDANT DURAZO:  Yes.

12               DEFENDANT CECENA:  Yes.

13               THE COURT:   Do you understand as set forth in

14   paragraph 13 of the plea agreement that if your plea is

15   withdrawn, rejected, vacated or reversed at any time the

16   United States will be free to prosecute you for all charges

17   of which it has knowledge and in such event you have waived

18   any objections, motions or defenses based upon the statute

19   of limitations, the Speedy Trial Act and constitutional

20   restrictions on bringing charges?

21               DEFENDANT DURAZO:  Yes.

22               DEFENDANT CECENA:  Yes.

23               THE COURT:  Now, in order to convict you of the

24   charge set forth in Count 1 of the indictment the

25   government would have to prove each of the following

1    elements beyond a reasonable doubt:  First, that two or
2    more persons conspired or agreed to commit the crime of
3    conspiracy to distribute and to possess with intent to
4    distribute marijuana and cocaine; second, that you
5    knowingly and voluntarily joined the conspiracy; and
6    finally, that you committed this offense as early as
7    January 2001 and continuing up to and including June 18,
8    2008 in the Northern District of Ohio, Eastern Division,
9    the Southern District of Texas, the District of Arizona,
10   the Country of Mexico and elsewhere.

11          Do you understand what the government would be
12   required to prove by proof beyond a reasonable doubt with
13   respect to the charge set forth in Count 1 of the
14   indictment?

15          DEFENDANT DURAZO:  Yes.

16          DEFENDANT CECENA:  Yes, ma'am.

17          THE COURT:  At this time I'm requesting that the
18   government's attorney state the facts that the government
19   is prepared to prove at trial in this case.  You are both
20   to listen very closely to Mr. Bulford as he recites the
21   facts because following his recitation of the facts I'm
22   then going to ask you if you acknowledge that these are
23   facts that the government can prove by proof beyond a
24   reasonable doubt in this case if it were to go to trial.
25   Is this clear?

1          DEFENDANT DURAZO:  Yes.

2          DEFENDANT CECENA:  Yes, ma'am.

3          THE COURT:  Yes.  Okay.  And now some of the

4    facts are set forth at paragraph 14 of the plea agreement.

5    Again, you may wish to refer to paragraph 14 of the plea

6    agreement as the government's attorney recites the facts to

7    you.  With that, Mr. Bulford, you may proceed.

8          MR. BULFORD:  If it please the Court, if this

9    matter were to proceed to trial we would present evidence

10   through witnesses and physical evidence and photographs and

11   recordings that would show that from -- in relation to

12   these two Defendants -- from at least as early as 2003 and

13   continuing up to June 18, 2008 in the Northern District of

14   Ohio and elsewhere the Defendant -- these Defendants, Mr.

15   Durazo and Mr. Cecena, along with at least Chevaliee

16   Robinson, Reginald Dove and others did combine and conspire

17   or did agree to distribute and possess with intent to

18   distribute at least 1,000 kilograms of -- or more of

19   marijuana which we would establish is a Schedule I

20   controlled substance and also a quantity of cocaine, a

21   Schedule II controlled substance.

22         In relation to the controlled substances we would

23   present several witnesses who would talk about both

24   marijuana and cocaine being distributed in the Akron, Ohio

25   area and elsewhere in Ohio coming from a source that Mr.

1    Durazo and Mr. Cecena worked for or worked in conjunction

2    with.

3         Also that sometime in the fall of 2003 Mr. Robinson

4    was introduced by Nolan Kendrick to a Mexican source of

5    supply while he was in Tucson, Arizona, that Robinson was

6    then seeking an additional marijuana supplier in addition

7    to the ones he already had.  While he was in Tucson he was

8    introduced to Sergio Durazo who in turn introduced Mr.

9    Robinson to Jose Quintero Q-u-i-n-t-e-r-o.  Mr. Quintero

10   agreed to provide Robinson with shipments of marijuana.

11   Mr. Durazo here was designated by Mr. Quintero as a person

12   to coordinate the delivery of the loads of marijuana to

13   Robinson in Akron, Ohio.

14        Before the first load Mr. Durazo came to Akron, Ohio

15   and met with Mr. Robinson and discussed the logistics of

16   the anticipated first delivery.  Mr. Durazo brought Jesse

17   Cecena into the conspiracy to work with him as a

18   facilitator of deliveries to Mr. Robinson.

19        Mr. Durazo and Mr. Cecena between the fall of 2003

20   and the spring or summer of 2007 traveled many times to

21   Akron, Ohio numerous times to coordinate deliveries of

22   large loads of marijuana.  In the fall of 2003 up to and

23   including the first half of 2007 the combined weight of

24   three loads was over 10,000 kilograms of marijuana.  Mr.

25   Durazo and Mr. Cecena were paid per load by Quintero's drug

1       trafficking organization.

2           In the fall of 2007 Mr. Durazo contacted Amanda

3       Carrington and Reginald Dove to reestablish a flow of

4       marijuana as Mr. Robinson was at that time in state custody

5       for state trafficking charge.  In late November or early

6       December of 2007 Mr. Dove went -- was transferred $8,000

7       for courier fees to Mr. Durazo from a Fedex office in

8       Akron, Ohio to an address in Arizona.

9           On June 13, 2008 Mr. Durazo and Mr. Cecena met with

10      Reginald Dove in Akron, Ohio and Dove was told that they

11      were attempting to get approximately 300 pounds of

12      marijuana to Dove.  On June 16th through the 17th Mr.

13      Durazo met with Mr. Dove in northern Ohio and told him that

14      the suppliers wanted Dove or someone who Dove designated to

15      pick up marijuana in Fort Wayne, Indiana.

16          On the evening of June 18, 2008 Mr. Durazo and Mr.

17      Cecena met with Mr. Dove in Richfield, Ohio.  During that

18      meeting Durazo insisted that Dove would have to provide

19      someone to travel to Fort Wayne, Indiana to get the

20      marijuana.

21          And during that meeting both Mr. Durazo and Mr.

22      Cecena stressed to Dove that the situation presented an

23      opportunity that they could not miss and they encouraged

24      him to have someone go to Fort Wayne to get the marijuana.

25      Shortly after that they were arrested by authorities near

1    Wheatley Road in Richfield, Ohio.

2           Marijuana, of course, is a Schedule I controlled

3    substance and a considerable amount of Mr. Durazo and Mr.

4    Cecena's conduct occurred, in furtherance of the

5    conspiracy, occurred in the Northern District of Ohio and

6    that's a summary of some of the things we would prove at

7    trial.  There are other items we can prove, but I believe

8    that establishes the factual basis for their plea.

9           THE COURT:  Very well.  Thank you, Mr. Bulford.

10   Mr. Durazo and Mr. Cecena, do you acknowledge that the

11   facts as recited by the government's attorney are facts

12   that the government would be able to establish by proof

13   beyond a reasonable doubt at trial in this case?

14           DEFENDANT DURAZO:  Yes.

15           DEFENDANT CECENA:  Yes, ma'am.

16           THE COURT:  Do you also acknowledge that the

17   recitation of the facts at set forth by the government's

18   attorney today, as well as the facts contained in the plea

19   agreement do not set forth each and every act you committed

20   in furtherance of the offense to which you are pleading

21   guilty and that the government could prove other acts

22   evidencing your criminal conduct?

23           DEFENDANT DURAZO:  Yes.

24           DEFENDANT CECENA:  Yes, ma'am.

25           THE COURT:  Now, with regard to sentencing we've

1          already discussed the statutory penalties that are

2          applicable in this case.  We're now going to discuss the

3          advisory sentencing guidelines, what the parties have

4          agreed to and how the parties calculation may impact your

5          sentencing in this matter.

6                  Do you understand that, again, that the guideline

7          sentencing range will be determined by the Court at the

8          time of sentencing after the pre-sentence report has been

9          prepared by the United States Probation Department?  We

10         have talked about that earlier.  I just want to make sure

11         you understand that concept.

12                 DEFENDANT DURAZO:  Yes.

13                 DEFENDANT CECENA:  Yes, ma'am.

14                 THE COURT:  Do you further understand that even

15         though we will be discussing the guidelines that might

16         apply in your case today, that we cannot know for certain

17         what the guidelines will be until that report is prepared?

18                 DEFENDANT DURAZO:  Yes.

19                 DEFENDANT CECENA:  Yes.

20                 THE COURT:  Now, do you have before you a

21         sentencing table?

22                 DEFENDANT CECENA:  Uh-huh.

23                 DEFENDANT DURAZO:  Yes.

24                 THE COURT:  Both of you?

25                 DEFENDANT CECENA:  Yes.

1           THE COURT:  Very good.  Have you seen this table

2     before?

3           DEFENDANT DURAZO:  Yes.

4           DEFENDANT CECENA:  Yes, ma'am.

5           THE COURT:  Have you reviewed the table with

6     your attorney?

7           DEFENDANT DURAZO:  Yes.

8           DEFENDANT CECENA:  Yes.

9           THE COURT:  We're going to review the sentencing

10    table again at this time to make sure that you have an

11    understanding of how it works and, again, how it might

12    apply in your particular case.

13        In the upper left-hand corner of the table you will

14    see the words offense level.  Do you see these words?

15          DEFENDANT DURAZO:  Yes.

16          DEFENDANT CECENA:  Yes, ma'am.

17          THE COURT:  And below these words are numbers

18    running down the left-hand side of the page.  The numbers

19    run from 1 to 43.  Do you see those numbers?

20          DEFENDANT DURAZO:  Yes.

21          DEFENDANT CECENA:  Yes.

22          THE COURT:  Those numbers stand for offense

23    level.  Do you understand that?

24          DEFENDANT DURAZO:  Yes.

25          DEFENDANT CECENA:  Yes.

1               THE COURT:  And do you understand that generally

2       speaking the higher the offense level, the longer the

3       sentence will be in this case.

4               DEFENDANT DURAZO:  Yes.

5               DEFENDANT CECENA:  Yes.

6               THE COURT:  Now, going to the top of the

7       sentencing table you will see two terms.  The first term is

8       Criminal History Category and next to that is another term

9       in parentheses and that term is Criminal History Points.

10      Do you see those two terms?

11              DEFENDANT DURAZO:  Yes.

12              DEFENDANT CECENA:  Yes.

13              THE COURT:  Below those terms are six columns

14      designated by Roman numerals.  Do you see the six columns

15      designated by Roman numerals?

16              DEFENDANT DURAZO:  Yes.

17              DEFENDANT CECENA:  Yes.

18              THE COURT:  And those six columns stand for

19      Criminal History Category.  Do you understand that?

20              DEFENDANT DURAZO:  Yes.

21              DEFENDANT CECENA:  Yes, ma'am.

22              THE COURT:  Do you understand generally speaking

23      the higher the Criminal History Category the longer the

24      sentence will be in this case?

25              DEFENDANT DURAZO:  Yes.

1            DEFENDANT CECENA: Yes, ma'am.

2            THE COURT: Okay. Now, beneath the Roman

3    numerals are numbers which are in parentheses. Do you see

4    the numbers in parentheses?

5            DEFENDANT DURAZO: Yes.

6            DEFENDANT CECENA: Yes.

7            THE COURT: Those numbers stand for Criminal

8    History Points. Determination of your Criminal History

9    Points, which in turn determines your Criminal History

10   Category, is based upon your prior record. The points are

11   calculated pursuant to the sentencing guidelines based upon

12   in part the age and nature of your prior offenses. Do you

13   understand that there will be a calculation as to your

14   Criminal History Points and then in turn your Criminal

15   History Category based upon your specific backgrounds?

16           DEFENDANT DURAZO: Yes.

17           DEFENDANT CECENA: Yes, ma'am.

18           THE COURT: Do you further understand that you

19   and your attorney will receive the pre-sentence report well

20   in advance of the sentencing hearing and you will have the

21   right to review the pre-sentence report and gain a better

22   understanding of what your Criminal History Category may be

23   and how it will be calculated?

24           DEFENDANT DURAZO: Yes.

25           DEFENDANT CECENA: Yes.

1          THE COURT:  Okay.  Now, your attorneys both

2   indicated that they believed that you will be -- that you

3   will fall into a Criminal History Category of I.  We'll use

4   that assumption when talking about this table today, but be

5   aware that that could change if United States probation

6   finds that there are other matters that ought to be

7   considered in your Criminal History Category determination.

8          So if we take the number set forth in the plea

9   agreement, the offense level -- that offense level number

10  was 36.  Do you recall that number?

11          DEFENDANT DURAZO:  Yes.

12          DEFENDANT CECENA:  Yes.

13          THE COURT:  Okay.  If you find 36 on the

14  sentencing table and then you look at Criminal History

15  Category I, Mr. Durazo, can you tell me what the sentencing

16  range would be in that particular scenario?

17          DEFENDANT DURAZO:  188 to 235.

18          THE COURT:  Correct.  And then let's just say

19  hypothetically that it turns out that you have a Criminal

20  History Category of II instead of I, Mr. Cecena, can you

21  tell me what the range would then be?

22          DEFENDANT CECENA:  210 to 262.

23          THE COURT:  Correct.  There is also some

24  discussion regarding acceptance of responsibility that you

25  might receive up to a three level reduction for acceptance

1      of responsibility.  That would take the offense left down

2      to 33.  And, Mr. Cecena, I'm sorry -- yes, Mr. Cecena --

3      no, Mr. Durazo is going first.  That's right.  I'm sorry.

4           Mr. Durazo, if it turns out that your Criminal

5      History Category is a II and your offense level turns out

6      to be a 33, then what would the range be?

7                DEFENDANT DURAZO:  135 to 168.

8                THE COURT:  No.  Listen closely.  Criminal

9      History Category II and offense level of 33.

10               MR. DURAZO:  151 to 188.

11               THE COURT:  Correct.  And, Mr. Cecena, if it

12     turns out that your offense level is a I and, I'm sorry,

13     offense level is a 33 and your Criminal History Category is

14     a I then what would the range be?

15               DEFENDANT CECENA:  135 to 168.

16               THE COURT:  Correct.  Okay.  So you both

17     understand how this table works.

18               DEFENDANT DURAZO:  Yes.

19               DEFENDANT CECENA:  Yes, ma'am.

20               THE COURT:  Okay.  Do you need any further

21     explanation of how the sentencing table works and how your

22     sentence might be calculated in this case?

23               DEFENDANT DURAZO:  Yes.

24               DEFENDANT CECENA:  No.

25               THE COURT:  And that you understand is the

1    advisory guidelines sentence.  The Court has the discretion

2    to sentence outside of the advisory guideline range.  Do

3    you understand that?

4                    DEFENDANT DURAZO:  Yes.

5                    DEFENDANT CECENA:  Yes.

6                    THE COURT:  Okay.  Now, it's the Court's

7    understanding as set forth in paragraph 16 of the plea

8    agreement that you have each discussed this case and your

9    respective plea agreements in detail with your respective

10   attorneys and that your attorneys have advised you of your

11   constitutional and other rights, the nature of the charge

12   set forth in Count 1 of the indictment, as well as the

13   charge set forth in Count 2, the elements of the offenses

14   that the government would have to prove at trial, the

15   evidence that the government would present at trial,

16   possible motions and defenses that you might have, the

17   advisory sentencing guidelines and other aspects of

18   sentencing and other potential consequences of pleading

19   guilty in this case; is this correct?

20                    DEFENDANT DURAZO:  Yes.

21                    DEFENDANT CECENA:  Yes, ma'am.

22                    THE COURT:  It is also the Court's understanding

23   as set forth in paragraph 16 that you are fully satisfied

24   with the legal services and advice provided to you by your

25   attorney.  Is this also correct?

1              DEFENDANT DURAZO:  Yes.

2              DEFENDANT CECENA:  Yes.

3              THE COURT:  Do you acknowledge as set forth in

4       paragraph 17 that no assurances, promises or

5       representations have been given to you by the United States

6       or by any of its representatives which are not contained in

7       the written plea agreement that we have reviewed today and

8       that the plea agreement sets forth the full and compete

9       terms and conditions of the agreement between you and the

10      government?

11             DEFENDANT DURAZO:  Yes.

12             DEFENDANT CECENA:  Yes, ma'am.

13             THE COURT:  Do you understand as set forth in

14      paragraph one of the plea agreement that this agreement

15      binds only the United States Attorney's Office for the

16      Northern District of Ohio and does not bind any other

17      federal, state or local prosecuting, administrative or

18      regulatory authorities?

19             DEFENDANT DURAZO:  Yes.

20             DEFENDANT CECENA:  Yes, ma'am.

21             THE COURT:  In this regard do you understand

22      that any reference to the United States, United States of

23      America or to the government is limited and restricted to

24      mean United States Attorney's Office for the Northern

25      District of Ohio?

1          DEFENDANT DURAZO:  Yes.

2          DEFENDANT CECENA:  Yes.

3          THE COURT:  With respect to paragraph 15 of the

4    plea agreement has anyone forced you, coerced you or

5    threatened you in any way to induce you to enter your plea

6    today?

7          DEFENDANT DURAZO:  No.

8          DEFENDANT CECENA:  No.

9          THE COURT:  Other than what has been set forth

10   in your respective written plea agreements has anyone

11   promised you anything or made any representation to you in

12   order to induce you to enter into your plea today?

13         DEFENDANT DURAZO:  Can you repeat that question,

14   please?

15         THE COURT:  Yes.  Other than what has been set

16   forth in your written plea agreement, your respective

17   written plea agreements, has anyone promised you anything

18   or made any representations to you in order to get you to

19   enter your plea?

20         DEFENDANT DURAZO:  No.

21         DEFENDANT CECENA:  No, ma'am.

22         THE COURT:  Is your plea of guilty being made

23   freely and voluntarily?

24         DEFENDANT DURAZO:  Yes.

25         DEFENDANT CECENA:  Yes, ma'am.

1               THE COURT:  Do you have any questions whatsoever

2      about this plea?

3               DEFENDANT DURAZO:  No.

4               DEFENDANT CECENA:  No, ma'am.

5               THE COURT:  Are you now certain that you still

6      wish to enter a plea of guilty in this case?

7               DEFENDANT DURAZO:  Yes.

8               DEFENDANT CECENA:  Yes, ma'am.

9               THE COURT:  Do you understand that if I accept

10     your plea you will be giving up all of the rights that

11     we've discussed and I will find you guilty of the offense

12     charged against you in Count 1 of the indictment?

13               DEFENDANT DURAZO:  Yes.

14               DEFENDANT CECENA:  Yes, ma'am.

15               THE COURT:  Mr. Hernandez, is there anything

16     else that you would like the Court to address or that you

17     would like to add to the record before I ask your client

18     how he pleads in this case?

19               MR. HERNANDEZ:  No, ma'am.

20               THE COURT:  Do you acknowledge and affirm the

21     statement of counsel set forth at paragraph 18 of the plea

22     agreement?

23               MR. HERNANDEZ:  I do.

24               THE COURT:  Thank you.  Mr. Bulford, is there

25     anything else that you would like the Court to address or

1    that you would like to add to the record before I ask the

2    Defendant Mr. Sergio Durazo how he pleads in this case?

3              MR. BULFORD:  No, Your Honor.

4              THE COURT:  Very well.  Mr. Durazo, knowing all

5    of your rights, all of the rights that you are giving up by

6    entering this plea and all of the limited rights that you

7    are retaining, knowing what the possible consequences of

8    your plea in this case may be, the possible sentence that

9    you may face under this plea, how do you plead to Count 1

10   of the indictment which, again, charges you with one count

11   of conspiracy to distribute and possess with intent to

12   distribute cocaine and marijuana in violation of Title 21,

13   United States Code Section 846?

14             DEFENDANT DURAZO:  Guilty.

15             THE COURT:  Mr. Durazo, I accept your plea as

16   knowingly, intelligently and voluntarily made with the

17   advice of your counsel on this basis I find in this case

18   United States of America versus Sergio Durazo that you, Mr.

19   Durazo, are fully competent and capable of entering an

20   informed plea, that your plea of guilty is a knowing and

21   voluntary plea supported by independent basis and fact

22   containing each of the essential elements of the offense.

23        Mr. Durazo, I accept your plea and find you guilty of

24   the charge set forth against you in Count 1 of the

25   indictment and I'm going to acknowledge my approval of the

1       plea agreement pursuant to my signature and today's date of

2       February 2000 -- February 6, 2009 on page 12 of the

3       agreement.

4           Now, Mr. Cecena -- I'm sorry.  We will return to you,

5       Mr. Cecena.

6           Mr. Robles, is there anything else that you would

7       like the Court to address or that you would like to add to

8       the record before I ask your client how he pleads in this

9       case?

10                  MR. ROBLES:  No, Your Honor.

11                  THE COURT:  Thank you.  Do you acknowledge and

12      affirm the statement of counsel as set forth at paragraph

13      18?

14                  MR. ROBLES:  Yes.

15                  THE COURT:  Thank you.  Mr. Bulford, is there

16      anything else that you would like the Court to address or

17      that you would like to add to the record before I ask the

18      Defendant Jesse Cecena how he pleads in this case?

19                  MR. BULFORD:  No, Your Honor.

20                  THE COURT:  Thank you.  Mr. Cecena, knowing all

21      of your rights, all of the rights that you are giving up by

22      entering this plea and all of the limited rights that you

23      are retaining, knowing what the possible consequences of

24      your plea in this case may be and the possible sentence

25      that you may face under this plea, how do you plead to

1   Count 1 of the indictment which charges you with one count

2   of conspiracy to distribute and possess with intent to

3   distribute cocaine and marijuana in violation of Title 21,

4   United States Code Section 846?

5               DEFENDANT CECENA:  Guilty.

6               THE COURT:  Mr. Cecena, I accept your plea as

7   knowingly, intelligently and voluntarily made with the

8   advice of your counsel on this basis I find in this case

9   United States of America versus Jesse Cecena that you, Mr.

10  Cecena, are fully competent and capable of entering an

11  informed plea, that your plea of guilty is a knowing and

12  voluntary plea supported by an independent basis in fact

13  containing each of the essential elements of the offense

14  set forth in Count 1 of the indictment.

15          Mr. Durazo (sic) I accept your plea and find you

16  guilty of the charge set forth against you in Count 1 of

17  the indictment.  I'm going to acknowledge my approval of

18  your plea agreement pursuant to my signature and today's

19  date of February 6, 2009 on page 13 of your plea agreement.

20          Now, both -- as to both Defendants the Court reminds

21  you that there will be a pre-sentence report prepared to

22  assist the Court in imposing an appropriate sentence in

23  this case.  You will be asked to give information to a

24  United States probation officer for use in preparing the

25  report.

43

1               If you wish, your attorney may be present when you

2       give the information to the probation officer.  It is very

3       important that you be forthright and honest with the

4       probation officer when giving the information asked of you.

5       Do you understand this instruction?

6                    DEFENDANT DURAZO:  Yes.

7                    DEFENDANT CECENA:  Yes, ma'am.

8                    MR. HERNANDEZ:  Judge, I'll tell the Court that

9       I plan to attend my client's interview.

10                   THE COURT:  Thank you.  Thank you.  Now, you and

11      your attorney may read the report.  As I mentioned, before

12      the time of sentencing you will have an opportunity to

13      object to any portion of the report that you believe is

14      erroneous or in some way subject to legal challenge and at

15      the time of sentencing the Court will address any

16      objections that either of you may have.  Therefore, it's

17      very important that you read and review the report before

18      the time of sentencing.

19              Sentencing in these two cases is set for Tuesday,

20      April 21, 2009 at 12:00 for Mr. Durazo and at 12:30 for Mr.

21      Cecena.  Any other questions?

22                   MR. ROBLES:  Your Honor --

23                   THE COURT:  Yes, Mr. Robles.

24                   MR. ROBLES:  -- I have -- it's an administrative

25      question.  Mr. Cecena advised me that he has been

1 designated at the Youngstown facility and he has been

2 placed in the lock down and he is wondering now that he has

3 pled guilty if he could -- if it's possible that even the

4 Court can do anything, if he can be released to the general

5 population.

6 THE COURT: All right. I'm not sure why he has

7 been placed in lock down, but I will ask the marshals to

8 follow-up either -- there are two marshals, we'll ask them

9 to follow-up and see what the circumstance is and if he can

10 be placed in the general population make that request.

11 However, if there is some other reason that we don't know

12 about or some reason that we don't know about, then

13 obviously the Court can't.

14 MR. ROBLES: That's fine.

15 THE COURT: We'll look into it for you.

16 MR. ROBLES: Okay. Thank you.

17 MR. HERNANDEZ: Judge, could I join that?

18 THE COURT: Same thing for your client? Sure.

19 They will look into it. I don't know what the situation

20 is, but they will certainly look into it and if

21 modification can be made they will request it and, if not,

22 then they will have at least looked into the situation.

23 All right. Is that fair enough?

24 MR. HERNANDEZ: Yes.

25 DEFENDANT DURAZO: Yes.

1              MR. ROBLES:  Yes.

2              DEFENDANT CECENA:  Yes.

3              THE COURT:  With that then we'll see everyone on

4    April 21st.  Have safe travels and take care and have a

5    good weekend.  That concludes this proceeding.

6                   (Hearing concluded at 11:00 a.m.)

7                          - - -

8              C E R T I F I C A T E

9         I, Lori K. Phillips, certify that the foregoing is a

10   correct transcript from the record of proceedings in the

11   above entitled matter.

12                        /s/ Lori K. Phillips