JOSE H. ROBLES
455 W. Paseo Redondo
TUCSON, ARIZONA 85701
TEL. (520) 628-1300
FAX (520) 882-8414

State No. 010705
PCC No. 48676
Attorney for Defendant
Cecena

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTHERN OHIO

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | DOCKET NO. 5:08CR00290-002 |
| vs. | ) | OBJECTIONS TO PRE-SENTENCE REPORT |
| | ) | |
| 2. Jesse Cecena | ) | |
| Defendant. | ) | |

It is expected that excludable delay under 18 U.S.C. Section 3161 (h) (1) (F) will occur as a result of this motion or of an order based thereon.

Defendant, JESSE CECENA, pursuant to United States Sentencing Guideline Section 4A1.2 (f), objects to Paragraphs 36 and 39 of the Pre-Sentence Report, which add one and two points respectively, to Defendant's Criminal History, on the grounds that the information for Paragraph 36 was taken from San Benito Sheriff's Department records, rather than from court records generated from a judicial proceeding. Shepard v. U.S., 544 U.S. 13, 16 (2005)

The grounds for the Objection are stated in the attached Memorandum which is hereby incorporated by reference.

RESPECTFULLY SUBMITTED THIS 30th day of March, 2009.

**_S/JOSE H. ROBLES_**
JOSE H. ROBLES
Attorney for Defendant Cecena

**PART B. DEFENDANT'S CRIMINAL HISTORY**

**Adult Criminal Convictions**

36. The report notes that on February 23, 2001, Defendant was arrested and charged with the offense of Possession of a Controlled Substance in San Benito Superior Court in Salinas, California. Pre-Sentence Report ("PSR"), paragraph 36, p 7. The statute of conviction is unknown. The PSR relates that on June 12, 2001, after a plea of *nolo contendere,* the case was "deferred" to drug court and Defendant was placed on probation for one year. Id, at paragraph 36, p 7.

U.S. Sentencing Guideline Section 4A1.2(f) provides that:

> Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under Section 4A1.1(c), even if a conviction is not formally entered,....

"A diversionary disposition resulting from a finding or admission of guilt, or plea of *nolo contendere* in a judicial proceeding is counted...even if a conviction is not formally entered." U.S. v. Amster, 1993 F.3d 779, 780 (3rd Cir. 1999 ). "Section 4A1.2(f) is unequivocal." Amster, at 781. The plea of *nolo contendere* requires a judicial proceeding. Id.

- 2 -

The PSR basis in Paragraph 36 notes reference to "San Benito Sheriff's Department records.

The sheriff's department records are not judicially noticeable records. The PSR does not recite the statute of conviction. To consider whether sentencing enhancement is appropriate under the sentencing guidelines, the district court generally does not consider the underlying facts of a prior conviction, but must "look only to the fact of conviction and the statutory definition of the prior offense." Taylor v. U.S., 495 U.S. 575, 602 (1990).

In Shepard v. U.S., 544 U.S. 13, 16 (2005), the United States Supreme Court held that a sentencing court cannot "look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary." The Court noted that a sentencing court that would consider "the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard, at 16.

It appears the PSR recites facts in Paragraph 36, gathered from sheriff's department records. It does not make reference to any signed plea agreement, change of plea transcript, or diversion order.

The Commentary provides that Section 4A1.2(f) "requires counting prior adult diversionary dispositions if they involved a judicial determination of guilt or an admission

of guilt in open court." U.S.S.G. Section 4A.1.2., comment. (n. 9). The diversion case listed in Paragraph 36 is based on information recited in San Benito Sheriff's Department records that are not appropriate to consider enhancement of Defendant's criminal history. Shepard, at 16.

**Criminal History Computation**

39. The PSR enhances Defendant's criminal history by two points as a result of a warrant arising from the diversion case listed in Paragraph 36 of the report. The warrant was issued by the "sentencing court" for "reason unknown". PSR, paragraph 36.

U.S.S.G. Section 4A.1.1(d) provides that a "criminal justice sentence" means a sentence countable under Section 4.A1.2 having a custodial or supervisory component,...." U.S.S.G. Section 4A1.1, comment. (n.4). Section 4A1.2(f) includes diversion cases. If Paragraph 36 does not count in consideration of Criminal History, the 2-point enhancement does not count because it is not a criminal justice sentence.

A "sentence to pay a fine, by itself", is not appropriate for a two-point Criminal History enhancement. U.S.S.G. Section 4A1.1 comment (n.4). The source of the warrant is unknown. PSR, paragraph 36. If the warrant was issued because a fine was not paid, the two-point enhancement does not apply.

- 5 -

RESPECTFULLY SUBMITTED THIS 30th day of March, 2009.

*S/ JOSE H. ROBLES*
JOSE H. ROBLES
Attorney for Defendant Cecena

Copy of the foregoing provided this 30th day of March, 2009, to:

Robert E. Bulford
Assistant U.S. Attorney
2 South Main Street, Ste 201
Akron, OH 44308

Donald Stranathan
U.S. Probation Officer

Jesse Cecena