1        UNITED STATES DISTRICT COURT
         NORTHERN DISTRICT OF OHIO
2              EASTERN DIVISION

3   UNITED STATES OF AMERICA,        Case No. 08cr290
                                     Akron, Ohio
4            Plaintiff,              April 21, 2009

5        vs.

6   JESSE CECENA,

7            Defendant.

8
              TRANSCRIPT OF PROCEEDINGS
9          BEFORE THE HONORABLE SARA LIOI
            UNITED STATES DISTRICT JUDGE
10

11              SENTENCING HEARING

12

    APPEARANCES:
13
    For the Government:        Robert Bulford, Esq.
14                             Assistant United States Attorney

15
    For the Defendant:         Jose H. Robles, Esq.
16

17

18

19  Court Reporter:            Lori A. Callahan, RMR-CRR
                               United States District Courthouse
20                             Room 568
                               2 South Main Street
21                             Akron, Ohio  44308
                               (330)819-8676
22

23  Proceedings recorded by mechanical stenography, transcript
    produced by computer-aided transcription.
24

25

```
 1                    P R O C E E D I N G S

 2                         -   -   -

 3              THE COURT:  Good afternoon.  Please be seated.

 4         The court has before it Case Number 5:08CR290,

12:46:43  5  United States of America versus Jessie Cecena.  The

 6    defendant is present in the courtroom accompanied by his

 7    attorney, Jose Robles.  Also present is Assistant United

 8    States Attorney Robert Bulford representing the government

 9    and finally, United States Probation Officer Donald

12:47:04 10  Stranathan is present.

11              This case involves two defendants in a two

12    count indictment.  The defendant is charged in both counts

13    of the indictment.  On February 6, 2009, Defendant Cecena

14    entered a plea of guilty as to Count 1 which is conspiracy

12:47:25 15  to distribute and to possess with intent to distribute

16    marijuana and cocaine.  This case is set today for

17    sentencing.  The court has received and reviewed the

18    presentence report.

19              The court has also received and reviewed the

12:47:44 20  defendant's objections to the presentence report which were

21    filed by way of separate document, document number 48 on the

22    court's docket.

23              Counsel, have you each received and reviewed a

24    copy of the presentence report?

12:48:00 25              MR. ROBLES: Yes, Your Honor.
```

1          MR. BULFORD:  Yes, Your Honor.

2          THE COURT:  Mr. Cecena, have you received and

3     reviewed a copy of the presentence report?  Have you

4     reviewed that?

12:48:10  5          THE DEFENDANT:   Yes, ma'am.

6          THE COURT:  The court understands that the

7     government has no objections to the presentence report, is

8     this correct, Mr. Bulford?

9          MR. BULFORD:    Yes, Your Honor.  No

12:48:20 10    objection.

11          THE COURT:  Thank you.  Now, Mr. Robles, you

12     have set forth two objections on behalf of your client.

13     Both which essentially concern information contained within

14     paragraph 36 of the presentence report and that paragraph

12:48:44 15    addresses a case in California in 2001.  It's the court's

16     understanding you may have been given some information

17     relative to paragraph 36 to I guess support the information

18     contained within the presentence report; is that correct?

19          MR. ROBLES: That's correct, Your Honor.

12:49:09 20          THE COURT:  Is the issue cleared up?

21          MR. ROBLES: As far as establishing a basis for

22     the enhancement, we do have the judgment and the disposition

23     notice which are signed by Mr. Cecena, which shows the

24     acknowledgement of that case and of the point that's

12:49:28 25    assessed in this report, so, yes, that part is resolved.

```
 1              THE COURT:  Okay.  Thank you.  Is there
 2  anything else that you wish to raise relative to the
 3  enhancements that are contained within the presentence
 4  report, and those deal again with the information contained
 5  in paragraph 36?
 6              MR. ROBLES: Your Honor, they are also a part
 7  of my rest of the allocution.  I mean, if I may, or is that
 8  what you wish?
 9              THE COURT:  You wish to do it at a later time?
10              MR. ROBLES: Yes, bring it up?
11              THE COURT:  Okay.  During the -- by way of
12  argument for variance.
13              MR. ROBLES: Yes, put the whole thing together.
14              THE COURT:  You're not objecting now any more
15  to the information contained within the report; is that
16  correct?
17              MR. ROBLES: No, Your Honor, because the
18  concern was --
19              THE COURT:  No, you're not objecting or --
20              MR. ROBLES: Yes, I am not objecting.
21              THE COURT:  Okay.  Because the concern has
22  been resolved.
23              MR. ROBLES: Yes.
24              THE COURT:  All right.  I didn't mean to step
25  on your words.
```

1              MR. ROBLES:        No.

2                   THE COURT:  Just want to make it clear for the

3       record.

4                   With that, are there any additional comments,

12:50:38 5      deletions, corrections or comments whatsoever relative to

6       the report or both parties now satisfied with the report as

7       it now stands?

8                   Mr. Bulford, you were also satisfied?

9              MR. BULFORD:       I am satisfied.

12:50:50 10              THE COURT:  Now Mr. Robles, you are satisfied?

11              MR. ROBLES:  I am satisfied.

12              THE COURT:  Let's move to sentencing options

13      beginning with the advisory sentencing guideline calculation

14      beginning with the criminal history computation.  The

12:51:06 15      defendant's criminal history and other criminal conduct are

16      discussed at paragraphs 34 through 40 of the presentence

17      report.

18                   The defendant's criminal convictions produce a

19      subtotal criminal history of two.  At the time the instant

12:51:20 20      offense was committed, a warrant was outstanding relative to

21      Case Number CRF01040358 in the Superior Court of San Benito,

22      California.  That is the case we've been referring to as

23      paragraph 36 in the presentence report; therefore, two

24      points are added pursuant to Section 41.1D of the sentencing

12:51:46 25      guidelines making defendant's criminal history four points.

1    Four criminal history points correspond to a criminal

2    history category of III.  As far as the offense level

3    computation, the defendant's criminal activity involved at

4    least 10,000, but less than 30,000 kilograms of marijuana

12:52:07  5    and, therefore, the base offense level for the offense is

6    36.

7             There's a two-level reduction pursuant to

8    Section 3E1.1A because the defendant has accepted

9    responsibility.  Does the government intend to move for an

12:52:20  10    additional point reduction pursuant to Section 3E1.1B?

11             MR. BULFORD:    Your Honor, I believe he is

12    entitled to the third point for acceptance.

13             THE COURT:  Very well.  Thank you.  With that

14    then -- with that additional third point for acceptance, the

12:52:39  15    offense level then becomes 33.  Therefore, we have an

16    offense level of 33, a criminal history category of III.  Is

17    there any objection to this calculation application of the

18    advisory sentencing guidelines?

19             MR. BULFORD:    No.

12:52:59  20             MR. ROBLES:    No, Your Honor.

21             THE COURT:  Okay.  Now, the advisory guideline

22    range of imprisonment for an offense level of 33 and a

23    criminal history category of III is 168 to 210 months.

24             Continuing on.  Statutory sentencing

12:53:14  25    provisions.  For Count 1, minimum term of imprisonment is

1    for ten years or 120 months to a maximum term is life.

2                Relative to supervised release, under the

3    statute, if a term of imprisonment is imposed, a term of at

4    least five years of supervised release is required.

12:53:32  5                Under the guidelines, the guideline term for

6    supervised release is at least three years but not more than

7    five years, because there's a statutory minimum term of

8    supervised release which the court mentioned as being five

9    years.  The guideline term for supervised release then is

12:53:48 10  five years as well.

11                The defendant is not eligible for probation

12   because it is expressly precluded by statute.  The defendant

13   must submit to drug testing while on supervised release

14   unless the court determines the defendant is a low risk for

12:54:05 15  future substance abuse.

16                As to fines, under the statute, the maximum

17   fine is $4 million.  Under the guidelines, the range is

18   $17,500 to $4 million.

19                Special assessment of $100 must be imposed

12:54:22 20  pursuant to both the statute and the advisory guidelines and

21   finally, restitution is not an issue in this case.

22                With respect to denial of federal benefits,

23   under the statute, upon a conviction of distribution of a

24   controlled substance, a defendant may be declared ineligible

12:54:44 25  for any or all federal benefits for up to five years.  Under

1    the guidelines, the denial is discretionary for any

2    individual convicted of distribution or possession of a

3    controlled substance.

4              So with that, is there any objection to the

12:55:02 5   analysis of sentencing options as recited by the court, Mr.

6    Bulford?

7                   MR. BULFORD:    No, Your Honor.

8                   THE COURT:  Mr. Robles?

9                   MR. ROBLES: No, Your Honor.

12:55:10 10                  THE COURT:  All right, then.  Mr. Robles, you

11   were indicating you wished to make your arguments relative

12   to varying, et cetera, during the allocution and now is the

13   time, if you wish, to say anything on behalf of your client

14   with respect to a sentence in the case, you may do so.

12:55:27 15                  MR. ROBLES: Thank you.

16                  THE COURT:  That's fine.

17                  MR. ROBLES: Your Honor, what this case shows,

18   Your Honor, we have Mr. Jesse Cecena who is 49 years old, he

19   lives with his parents in Tucson, Arizona, and he is

12:55:54 20  assisting them because they're elderly.  His mom has

21   diabetes and his dad suffers from Cirrhosis so he's

22   occasionally or frequently hospitalized as a result.

23              The three of them are raising Mr. Cecena's

24   daughter, Kaises, who is 16 years old.  And Mr. Cecena has

12:56:16 25  two other children, a son who's 27 and his name is Jessie

1     Jr., and he has Steve who's 23.

2           Before I left, I had received a letter from

3     Jesse Cecena, Jr., who says he supports his dad. He really

4     loves him and one of the things that he's helped him

12:56:39 5     emotionally is Jesse Cecena, Jr., has a little daughter, his

6     grandchild, who's about a little over two years old, and she

7     suffers from brain problems where they can't even pronounce

8     the words, hydro -- something related to liquid in the

9     brain, and they put a shunt in the brain to see if that will

12:57:04 10     help her in her development and the son really, what he

11     relates is his father has helped him out emotionally.

12           I think what this case shows is the time that

13     Mr. Cecena has been in custody since June of 2008 has been

14     one of the longest periods of sobriety that he has had in

12:57:27 15     about 30 years.

16           And in this time of sobriety, he hurts more,

17     he feels his world a lot more. He feels the pain that maybe

18     has been created by some of his absence, but he feels more

19     and he sees the long trail of devastation that his substance

12:57:51 20     abuse has created, and he really, when I say, Your Honor,

21     that he feels bad, he really feels bad for the life that

22     stands in the past and he really sincerely believes that

23     there's a tomorrow and the obstacles that stand in his way

24     were created by his own actions, but now he sees them and he

12:58:16 25     just can't believe what's happened.

1        The presentence report relates he has an

2   extensive substance abuse history.  He's tried marijuana --

3   used marijuana since he was 18, used cocaine, he's used

4   methamphetamine since 1998 and he's also had approximately

12:58:39  5   six pack a day for the last 15 years.  He is suffering the

6   consequences for that.

7        That's the root of the conviction that we were

8   discussing from San Benito Superior Court in California

9   which is related to methamphetamine and that's created a

12:58:58 10   point or the possession of that drug and then that bench

11   warrant that came out is also related to that.

12        Three points from his substance abuse and he

13   deters his own life because of -- another consequence he

14   really doesn't have an ability to run his life, a credit

12:59:24 15   report shows that he owes $178,942.  155,000 of that is

16   related to child support.  16,000 of that is related to

17   medical bills.

18        And in his life and living in Tucson, he

19   worked at odd jobs, remodeling, working in yards but the

12:59:51 20   harshest consequence is as he stands before the court facing

21   ten years to life.

22        And he faces it because of the two convictions

23   that he has, and one thing that I saw with the warrant, it's

24   a body only warrant which means that if he's in California,

13:00:13 25   they would pick him up and the warrant was issued in

1    December, on December 16 of 2001, and subsequently he had to

2    serve 45 days on October 16 of 2002 which was when the

3    warrant was active, but they didn't pick him up or anything

4    at the time -- I don't know, I mean, it didn't happen, but

13:00:42  5    for that point, I kind of ask the court to consider the

6    over-representation of the four points.  They're equivalent

7    to someone who's served a prison term for over 13 months and

8    a day who get three points for this type of offense.

9         And when he's at a Criminal History III, it

13:01:04 10    really brings up the exposure of prison.  When one looks at

11    there's two convictions and they are convictions, they are

12    convictions as black and white, but they all relate to just

13    two cases.

14         So going -- taking that to the -- background,

13:01:32 15    Mr. Cecena has had problems with coping with his problems

16    and through the years, he just goes into his drug stupor and

17    I think he seriously needs this drug program that is offered

18    by the Federal the Bureau of Prisons and give him the

19    opportunity to develop coping skills and he's willing to do

13:01:56 20    that because he realizes he's 49 years old and who knows

21    what effect all that drug use will have on his body.  That's

22    something that remains to be seen and I think that with a

23    designation in an Arizona institution will help him progress

24    and avoid him being back before this court or any other

13:02:21 25    court.

 1              His role in this offense, he was with Sergio

 2    Durazo and Sergio Durazo had made contact with people up

 3    here in Ohio, and what the disclosure shows from January

 4    2008 to the time of the arrest in June, on June 18 of 2008

13:02:50  5    was most, if not, all of the communications and details were

 6    addressed by an individual named Dove with Mr. Durazo, and

 7    they're the ones in the presentence report shows that pretty

 8    accurately -- and the only time, the only time that Mr.

 9    Durazo did say something, that was the time that the agents

13:03:15 10    had surrounded them and they were going to get arrested and

11    that's when he was arrested.

12              But I think and beforehand, all arrangements

13    and details, everything was done by Durazo and the other

14    people and in a way, one would say that Mr. Cecena was like

13:03:40 15    the gopher for Mr. Durazo, but even being a gopher, it

16    assisted in the trafficking and smuggling of a lot of

17    marijuana between the 2003 and 2007.

18              And that's why the guideline is a base offense

19    level 33.  But I think considering his role, which shows

13:04:05 20    that he was -- he wasn't the person making the decisions and

21    I think just looking at his life, he isn't a person that can

22    make organized decisions especially on something that was so

23    complex in bringing the marijuana from Arizona to Ohio.

24    They would bring it and they would take it to warehouses and

13:04:28 25    things of that nature, but no one ever really said that Mr.

1    Cecena had any policy or any decisions or directions that he

2    gave to the other people.  And I think for that reason, and

3    I think it's fairly obvious because someone that's got such

4    a drug problem isn't one that's going to be making those

13:04:52  5    decisions.  And for that reason, I think that that's why we

6    have an over-representation which I think should be

7    something that's considered in rare occasions and this is

8    the rare occasion.

9              For that reason, and then ultimately, taking

13:05:11  10    the laws and everything that's happened, you know, these

11    drug trafficking laws are made --- they're harsh, because

12    they're made and they're addressed because the distribution

13    affects people that use it and affects their lives and it

14    destroys them in one way or another, and that's what has

13:05:28  15    happened to Mr. Cecena.  But then he's part of this -- he

16    assisted in this.  It's almost -- it's wrong what he did and

17    he stands before the court hoping that he is forgiven and he

18    is sincere in his remorse and he is ready at 49 years old to

19    make a sincere effort to clean up his life because his

13:05:54  20    parents, they're elderly and he doesn't know if they're

21    going to be around once he's out.

22              His grandchild and his son, they love him, his

23    daughter loves him, but they all have to wait because of

24    this conduct and he would ask the court and the government

13:06:13  25    for forgiveness.  He will really try and if he is given the

1    opportunity to have this drug course to succeed in it and

2    show everyone but more himself that there is a tomorrow and

3    there is hope, and so at this point, we ask for leniency in

4    the imposition of a sentence.

13:06:39  5             THE COURT:  Thank you, Mr. Robles.

6             Mr. Cecena, this is your sentencing hearing,

7    and at this time, you may present any information, statement

8    to the court that you wish relative to your sentence in this

9    case.  And if you wish to do so, you may just stand and you

13:06:58  10   may remain at counsel table when you speak.

11            THE DEFENDANT:   I just want to apologize to

12   everybody, to you, the prosecutor, everybody that's here,

13   for what I've done.  I am sorry.

14            THE COURT:  Very well.  Thank you, Mr. Cecena.

13:07:19  15            Mr. Bulford, is there anything you wish to say

16   on behalf of the government with respect to the defendant's

17   sentence in this case?

18            MR. BULFORD:    Your Honor, in the plea

19   agreement, I committed to recommending a sentence within the

13:07:31  20   range.  I would suggest that he be sentenced in the range,

21   but at the low end of the range.

22            THE COURT:  Very well.  Pursuant to Title 18,

23   United States Code, Section 3553(a), when sentencing, the

24   court is required to impose a sentence sufficient but not

13:07:56  25   greater than necessary to comply with the purposes of

1      sentencing set forth in Section 3553(a)(2).

2                      In determining a sentence, the court is

3      required to consider the applicable factors enumerated in

4      Section 3553(a) which the court has considered and finds to

13:08:11  5    be as follows:  First of all, with respect to the nature and

6      circumstances of this offense.  In the fall of 2003,

7      Chevaliee Robinson who was not charged in this case was

8      seeking a marijuana supplier and while in Tucson, Arizona,

9      was introduced to codefendant Serjio Durozo who will later

13:08:32 10   introduce Robinson to yet another individual, Jose Mendaro.

11     Durazo traveled to Akron, Ohio, to meet with Robinson to

12     discuss the details of the first delivery.

13                     After doing so, Durazo brought in the

14     defendant, Jesse Cecena, to facilitate the delivery.

13:08:52 15   Between the fall of 2003 and spring of 2007, Durazo and

16     Cecena made several trips to Akron, Ohio, with the combined

17     weight of these loads being over 10,000 kilograms of

18     marijuana.

19                     In November 2007, Reginald Dove was sent by

13:09:11 20   Amanda Carrington through Robinson who was in state custody

21     at the time to travel to Arizona to meet with Durazo to

22     arrange for delivery of 500 pounds of marijuana to the

23     Akron, Ohio, area.

24                     In January 2008, Durazo contacted Dove and

13:09:25 25   arranged to make a delivery in approximately six days.  This

1    delivery did not occur as agreed upon.  Durazo contacted

2    Dove on May 13, 2008.  He indicated to Dove his daughter was

3    sick for the past two months and he would deliver four to

4    500 pounds of marijuana in six to ten days.

13:09:47  5          On June 13, 2008, Durazo called Dove to inform

6    him that he and Cecena had arrived in Akron, Ohio, and would

7    meet up later that day.

8          When they met, Durazo advised Dove that their

9    vehicle had broken down in Fort Wayne, Indiana and was

13:10:06  10   making arrangements to get the marijuana to Akron, Ohio.

11   Between June 16 and 17, 2008, they met on a few occasions

12   again and Dove was informed he would have to find someone to

13   pick up the marijuana.

14         On June 18, 2008, Dove, Durazo and Cecena met

13:10:22  15   in Richfield, Ohio.  Durazo insisted to Dove that he would

16   have to provide someone to pick up the marijuana in Fort

17   Wayne, Indiana.  Both Durazo and Cecena stressed to Dove

18   during this meeting that this was an opportunity that could

19   not be missed at that time.  Durazo and Cecena were then

13:10:41  20   arrested by task force agents.

21         Is there any objection to the nature and

22   circumstances of the offense as recited by the court, Mr.

23   Bulford?

24         MR. BULFORD:     No.

13:10:51  25         THE COURT:  Mr. Robles?

1          MR. ROBLES: No, Your Honor.

2          THE COURT:  As far as the history and

3    characteristics of the defendant, he is, as been mentioned,

4    49 years old.  He is a Hispanic male who's been married and

13:11:04  5    divorced on two occasions as also been mentioned, he's the

6    father of three children.  His two adult sons reside in

7    California and his 16-year-old daughter lives with his

8    parents in Tucson, Arizona.

9          The defendant is currently being treated for

13:11:20  10   headaches and also has possible other health problems.  And

11   he does have a history of health problems.  He has no prior

12   history of health treatment, and I don't want to get into

13   the specifics of the health problems on the record, suffice

14   it to say, they are contained within the presentence report.

13:11:48  15   I will indicate, however, that the defendant does have a

16   rather significant history for substance abuse dating back

17   as was mentioned earlier by his counsel to the age of 18 and

18   the abuse includes marijuana, powder cocaine,

19   Methamphetamine and also has problem with alcohol abuse.

13:12:08  20          His employment history is unclear, but he --

21   it does appear as if was employed in the '80s into the '90s.

22          Mr. Cecena has three prior convictions in

23   which only two convictions resulted in points, thereby

24   contributing to his criminal history category.  The other

13:12:39  25   point in his criminal history category obviously resulted in

1    things that we discussed earlier with regard to a bench

2    warrant that was issued in one of the cases.

3              Is there any disagreement to the history and

4    characteristics of the defendant as represented by the

13:12:52  5    court?

6              MR. BULFORD:     No, Your Honor.

7              MR. ROBLES: No, Your Honor.

8              THE COURT:  The court has already reviewed the

9    kinds of sentences available and will not review those

13:13:08 10    again.  There's no need for restitution in this case.

11             So now we come to the point where the court

12    must determine the sentence and also keep in mind that the

13    court is required to avoid unwarranted sentencing

14    disparities among this defendant and others with similar

13:13:35 15    records who have been found guilty of similar conduct.

16             Also in this case, there was -- the court

17    handled a related case involving some of the individuals

18    named when I reviewed the history and circumstances of the

19    offense, particularly Chevaliee Robinson, Reginald Dove,

13:13:54 20    Amanda Carrington.

21             And the court has had the benefit of

22    sentencing those individuals.

23             When considering sentencing disparities, the

24    court must look beyond that and in this particular case,

13:14:11 25    while the sentencing commission does not compile data which

1    distinguishes between criminal histories, the data for the

2    defendant's offense of conviction or the offense which is

3    most analogous for fiscal year 2007 is as follows:

4              Nationally, offenses involving drug

13:14:30  5    trafficking, the sentence is 85 months, and the district

6    court in the Sixth Circuit is a sentence of 91.9 months.

7              Again, that statistic doesn't tell us a great

8    deal because we do not know the criminal histories, we don't

9    know what variances may apply, may have been applied, we

13:14:55 10    don't know what departures may have been applicable, but

11   nonetheless, it is information for the court to consider

12   along with all the other factors the court is required to

13   consider.

14              Now, this case is difficult for a couple of

13:15:26 15   reasons.  Here we have a defendant who actually supplied

16   drugs to the conspiracy and in this particular case, that

17   was taking place here in the Akron, Ohio, area, so you have

18   a supplier on the one hand.

19              We have the benefit, as I said before, knowing

13:15:47 20   what the defendants in that case, the conspiracy case, have

21   been sentenced to.  On the other hand, Mr. Robles, I think

22   your arguments are well taken with respect to your

23   particular client's role in that even though he helped to

24   supply the drugs and of course without suppliers, you cannot

13:16:07 25   have distributors.  So I don't want my comments to suggest

1    that I am trying to minimize the role your client played in

2    this particular transaction, because supplying, and as I

3    said, without suppliers, it all breaks down, so on the one

4    hand, it's very serious conduct; on the other hand, I think

13:16:33 5   your words ring true with respect to the role that your

6    client played and how perhaps he was not truly the decision

7    maker, but yet he did involve himself.

8           And what he did was absolutely illegal and in

9    violation of our laws and he contributed to the drug trade,

13:17:00 10  which, of course, impacts everyone, all of us, society as a

11   whole.

12          Having said that, the government has indicated

13   that in the plea agreement they would argue as was set forth

14   for sentence within the range.  And I agree with the

13:17:23 15  government's suggestion today that something from the low

16   end of the range would be perhaps more appropriate in this

17   case, given all the reasons that you stated during the

18   allocution, Mr. Robles.

19          So even though your client's role in supplying

13:17:51 20  the drugs is going to guard him today a sentence less than

21   the conspiracy that he was less than the top person in this

22   conspiracy that supplied, the court believe that given all

23   of circumstances in this case, all the factors which the

24   court has to consider and particularly some of the arguments

13:18:10 25  that you made, Mr. Robles, that the low end of the range,

1    the lowest end of the range of 168 months is appropriate.

2                So with that, pursuant to the Sentencing

3    Reform Act of 1984 and Title 18, United States Code,

4    Section, 3553(a), it is the judgement of the court that the

13:18:35  5    defendant, Jesse Cecena, is hereby committed to the custody

6    of the Bureau of Prisons to be imprisoned for a term of 168

7    months.

8                I don't believe that a departure is warranted

9    in this case because the criminal history is

13:18:56  10   over-represented.  Clearly, he had criminal cases in

11   California.  There was a bench warrant issued, and I do

12   think that's a sign of unclear thinking, to say the least,

13   but nonetheless, it was a violation not to appear for his

14   court dates in such a serious matter.

13:19:20  15               But nonetheless, the court believes that the

16   minimum sentence is sufficient, but not greater than

17   necessary to comply with the purposes of the sentencing set

18   forth in 3553.

19               The defendant will obviously be given credit

13:19:36  20   for time served to date.

21               Upon release from imprisonment, defendant

22   shall be placed on supervised release for a term of five

23   years.  Within 72 hours of release from the custody of the

24   Bureau of Prisons, the defendant shall report in person to

13:19:47  25   the United States probation office in the sentencing

1    district or in the direct in which the defendant is

2    released.

3              I will honor your request with respect to the

4    prison facility drug treatment program.  I agree that your

13:20:06  5    client, Mr. Robles, has a serious drug problem, and

6    therefore, the court will recommend that he be permitted to

7    participate in the drug treatment program.

8              Now, I am going to speak to you directly, Mr.

9    Cecena.  You understand now, your attorney has indicated

13:20:25 10    that you have since your incarceration have experienced a

11    period of sobriety.  Do you understand how destructive the

12    drugs have been to you, your health, your decision-making

13    process?  Do you understand that?

14              THE DEFENDANT:   Yes, Your Honor.

13:20:44 15              THE COURT:  Do you understand how important it

16    is to get the treatment and to take advantage of the

17    treatment programs while in the institution?

18              THE DEFENDANT:   Yes, ma'am.

19              THE COURT:  Also, I will recommend and

13:20:57 20    underscore for the Bureau of Prisons he should have a

21    physical and be treated for whatever health conditions he

22    has, because as set forth in the report, he apparently does

23    have some health conditions which are problematic for him.

24              I will also recommend that he be placed in an

13:21:17 25    institution in the Arizona area so that he may be as close

1    as possible to his elderly parents and his daughter.

2           Continuing on with the terms of supervised

3    release.  While on supervision, the defendant shall not

4    commit another federal, state or local crime, the defendant

13:21:36 5    shall not illegally possess a controlled substance.  The

6    defendant shall comply with the standard conditions that

7    been adopted by this court and shall comply with the

8    following additional conditions:

9           The defendant shall refrain from any unlawful

13:21:46 10   use of a controlled substance and submit to one drug test

11   within 15 days of the commencement of supervision and to at

12   least two periodic drug tests thereafter as determined by

13   his probation officer.

14          The defendant shall not possess a firearm,

13:22:00 15   destructive device or any dangerous weapon.

16          The defendant shall submit his person,

17   residence, place of business, computer or vehicle to a

18   warrantless search, conducted and controlled by the United

19   States probation office, at a reasonable time and in a

13:22:13 20   reasonable manner based upon reasonable suspicion of

21   contraband or evidence of a violation of a condition of

22   release.  Failure to submit to a search may be grounds for

23   revocation.  The defendant shall inform any other residents

24   that the premises may be subject to a search pursuant to

13:22:27 25   this condition.

1              The defendant shall participate in an approved

2      program of outpatient, inpatient or detoxification substance

3      abuse treatment which will include drug and alcohol testing

4      to determine if the defendant has reverted to substance

13:22:41  5      abuse.

6              The defendant shall cooperate in the

7      collection of DNA as directed by his probation officer.

8              Based upon a review of the defendant's

9      financial condition, the court finds that the defendant does

13:22:53 10      not have the ability to pay a fine and, therefore, the court

11      waives the fine in this case.

12              Nonetheless, the defendant shall pay to the

13      United States a special assessment of $100 which shall be

14      due and payable immediately.

13:23:10 15              Since the defendant has been detained without

16      bail since his arrest, he shall remain in the custody of the

17      U.S. marshal's office for transport to an appropriate Bureau

18      of Prisons facility.

19              Any questions relative to the sentence in this

13:23:22 20      case?

21                  MR. BULFORD:      No, Your Honor.

22                  MR. ROBLES:      No, Your Honor.

23                  THE COURT:  Mr. Cecena?

24                  THE DEFENDANT:      No.

13:23:30 25                  THE COURT:  With respect then to your right to

1      appeal, Mr. Cecena, you are hereby advised that you can

2      appeal your conviction if you believe your guilty plea was

3      somehow unlawful or involuntary or there's some other

4      fundamental defect in the proceeding that was not waived by

13:23:44  5      your guilty plea.  You also have a statutory right to appeal

6      your sentence under certain circumstances, particularly if

7      you think your sentence is contrary to the law.  If you

8      don't have enough funds to allow you to take an appeal, you

9      would have the right to have somebody appointed to represent

13:23:58  10     you in prosecuting an appeal.  You would have the right to

11     appeal without cost to you.

12               You also have the right to apply for leave to

13     appeal in forma pauperis, and in that event, the clerk of

14     court will prepare and file a notice of appeal upon your

13:24:12  15     request.

16               Be advised with a few exceptions, any notice

17     of appeal must be filed within 10 days of the entry of this

18     court's judgment and just so you know, the court intends to

19     file its judgment entry today so that will start the time

13:24:26  20     ticking relative to the appeal time.

21               Do you understand what I've said relative to

22     your right to appeal?

23               THE DEFENDANT:   Yes, ma'am.

24               THE COURT:  Do you know if you wish to appeal,

13:24:35  25     sir?

1          THE DEFENDANT:    Yes.

2          THE COURT:  Mr. Robles, will you handle any

3    appeal in this case?

4          MR. ROBLES: No, Your Honor, but I -- I will

13:24:42 5    talk to him about it.

6          THE COURT:  You will talk to him about it.

7    He's indicated on the record today that he wishes to appeal.

8    I would need to know then if he would need to have appointed

9    counsel.  Do you want to speak -- do you want to let the

13:24:57 10   court know if he -- if he, in fact, desires to appeal so I

11   can appoint counsel?

12         MR. ROBLES: If I can have by the end of the

13   week I can let the court know by notice, or do you want me

14   to let you --

13:25:14 15         THE COURT:  You know what I will do?  Today is

16   Tuesday.  Yes, if you could let the court know by the end of

17   the week whether your client, in fact, intends to appeal and

18   if so, the court will then appoint appellate counsel.  If

19   you -- I suppose if he doesn't intend to appeal, please

13:25:33 20   indicate so in writing since his response -- given his

21   response on the record.

22         If he does intend to appeal, then I will go

23   ahead and appoint counsel.

24         Mr. Bulford, anything you wish to say further

13:25:44 25   relative to this case?

1          MR. BULFORD:    No, thank you, Your Honor.

2    Excuse me.  I do move to dismiss Count 2.

3          THE COURT:  Yes.  Count 2 is dismissed in

4    accordance with government's motion, and with that I believe

13:26:01  5    that concludes this hearing.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1               C E R T I F I C A T E

2

3          I certify that the foregoing is a correct

4     transcript from the record of proceedings in the

5     above-entitled matter.

6

7

8               s/Lori A. Callahan
                Lori Ann Callahan, RMR-CRR
9               U.S. District Court, Suite 568
                2 South Main Street
10              Akron, Ohio  44308
                (330) 252-6022
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25