Law Offices of
**CLAY HERNANDEZ, P.C.**
ATTORNEY AT LAW
Pima County Bar No. 25208
Arizona State Bar No. 010917
**THE JOHNSON HOUSE OFFICES**
455 West Paseo Redondo
Tucson, Arizona 85701-8254
Telephone: (520) 882-8823
Fax: (520) 882-8414
Attorney for Defendant Durazo

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

---

UNITED STATE OF AMERICA,

                                        5:08CR290

        Plaintiff,

vs.

SERGIO DURAZO,

        Defendant.

---

SENTENCING MEMORANDUM

NOW COMES the defendant, SERGIO DURAZO, by and through his attorney, CLAY HERNANDEZ, herein provides the Court with the following law and argument for consideration at sentencing.

1

DATED this 6th day of July, 2009.

                              Law Office of
                              CLAY HERNANDEZ, P.C.

                              ***S/CLAY HERNANDEZ***
                              CLAY HERNANDEZ
                              Attorney for Defendant Durazo

## MEMORANDUM

### I. INTRODUCTION

Sergio Durazo stands before this Court facing many years in prison, having accepted responsibility for his involvement in drug trafficking. Because application of the guidelines makes him a Criminal History II, he is not eligible for safety valve relief. However, the priors that make up that calculation are misdemeanors. The misdemeanors are distant in time from this offense, unrelated in character to this offense, and do not show any tendency that the defendant is more likely to re-offend. The average offender in Criminal History II has priors which are far more relevant to the person's character and the need for deterrence and protection to society. Because Mr. Durazo's Criminal History category over-represents the relevance of his priors for this sentencing, a departure to a Criminal History I sentencing range is fair and proper.

### II. FACTS

Sergio Durazo pled guilty to Possession with Intent to Distribute at least 1000 kilograms of marijuana and 50 grams of cocaine. The defendant recognizes that he made a grave error accepts responsibility for his actions. The defendant has provided a statement of acceptance of responsibility to the Court.

The plea agreement sets the beginning offense level at 36 based on a stipulation as to the amount of drugs in the conspiracy. Other than acceptance of responsibility, the plea contemplates that no further Offense Level adjustments apply.

The pre-sentence investigation report calculates a base offense level of 36. The PSR does not include the defendant's statement of acceptance or credit for acceptance of responsibility. The PSR states the guidelines range for an Offense Level of 36 and Criminal History II is 210 to 262 months.

## III. ARGUMENT UNDER GUIDELINES AND 18 U.S.C. §3553

Courts have flexibility case to provide an adequate but not unduly harsh sentence. *U.S. v. Booker*, 543 U.S. 220, 125 S. Ct. 728 (2005); 18 U.S.C. §3553. In addition to §3553 considerations, recent interpretation of the guidelines state that no "extraordinary" circumstance is necessary to justify a sentence, even if the sentence is outside the guidelines range. *Gall v. U.S.*, 128 S. Ct. 586, 595 (2007). In addition to the guidelines justifications discussed herein, sentencing courts also have authority to grant a variance in the sentencing range, in order to arrive at a sentence sufficient, but not greater than, necessary.

All arguments below are to advocate for the lowest possible sentence within the plea agreement and to justify the Court's sentence.

## Acceptance of Responsibility

Sergio Durazo pled guilty, foregoing his rights to trial and appeal. He has further stated to the Court that he accepts responsibility for his acts. As the plea agreement notes, the government did not prepare for trial. The defendant should receive three points reduction for acceptance of responsibility, bringing the defendant to an Offense Level of 33.

## Over-Representation

The defendant's placement in Criminal History II substantially over-represents the seriousness of his prior convictions and downward departure is warranted. The guidelines provide for downward departure; misdemeanors, especially those at a distance from the current offense, are specifically noted. U.S.S.G. §4A1.3(b)(1) and comment 3. A policy statement in the sentencing guidelines is a "valid factor to be considered at sentencing." *U.S. v. Williams*, 432 F.3d 621, 624 (6th Cir. 2005), citing 18 U.S.C. §3553(a)(5).[1]

Guidelines §4A1.3(b)(1) creates a downward departure in sentencing, such that the defendant receives a sentence below the range provided by his Criminal History calculations. The sentencing range drops, although the defendant's

---

[1] *District Court cases are cited in this memorandum for argumentative or persuasive purposes only, not as controlling caselaw. The cases cited appear in the annotations for the guidelines.*

5

actual Criminal History category does not change. *U.S. v. Branch*, 537 F. 3d 582, 592 (6th Cir. 2008).

Mr. Durazo is calculated in Criminal History II because of 2 incidents of misdemeanor conduct in 1992, with one sentencing occurring in 1998 . These misdemeanors place him outside the two-level "safety valve" decrease in base offense pursuant to §2D1.1(b)(11), because the offense conduct here, beginning in 2003, puts the prior misdemeanors within the ten-year range to count as criminal history points.

The misdemeanors in this case over-represent the defendant's criminal history. They are completely unrelated to the current offense, and are quite distant in time from much of the offense conduct. Particularly because these misdemeanors make safety-valve relief unavailable to the defendant, departure for over-representation is appropriate.

Courts should compare the defendant at bar with other defendants who receive the same criminal history categories, as a way of determining if the Criminal History points assigned over-represent the ".... seriousness of the defendant's criminal history and the likelihood that the defendant will commit other crimes." U.S.S.G. §4A1.3(c)(2); annotations to the Guidelines cite *U.S. v. Nowicki*, 252 F. Supp. 2d 1242 (D.N.M. 2003), reduction of sentencing category

was warranted where the defendant's criminal history, burglary of a vehicle, possession of cocaine and armed robbery "...was less serious than most similarly situated defendants." *U.S. v. Anderson*, 955 F. Supp. 935 (N.D. Ill. 1997), where defendant's criminal history, for drunk driving and domestic battery, "...were not as serious as others which placed offenders..." in his category.

This case is similar to *U.S. v. Hughes*, where a the instant case involved serious cocaine trafficking offenses and use of a firearm. *U.S. v. Hughes*, 825 F. Supp. 866, 869 (D. Minn. 1993), cited in annotations for U.S.S.G. §4A1.3(c)(2). The defendant had two criminal history points for misdemeanors which took him out of Criminal History Category I. *Hughes*, 825, F. Supp. at 869. The prior offenses in *Hughes* were not related at all to drug trafficking, and did not show likelihood that the defendant would commit other crimes, since they represented no pattern, were distant in time. *Id.* The sentencing court in *Hughes* therefore found that these offenses warranted the downward departure for which the guidelines accounted in §4A1.3. *Id.*

Like the defendant in *Hughes*, the priors here over-represent the likelihood of future criminal activity: they are unrelated to drug trafficking, they are misdemeanors and they are distant in time. One Criminal History point for Mr. Durazo is a misdemeanor DUI, which occurred ten years ago or more. Details of

the offense are unclear and/or unavailable, other than there was no extreme DUI charged, no accident, damages or victims. (Attachment "B") The defendant was sentenced to one day in jail and 12 months probation. It appears the case was successfully terminated with that sentence.

Mr. Durazo's remaining criminal history derives from misdemeanor Criminal Damage, which conduct occurred more than sixteen years ago. Mr. Durazo's other misdemeanor for criminal damage occurred September 7, 1992, and involved defacing the property of another in an amount of less than $2,000.00.

The only reason this criminal damage prior is still a part of his criminal history is that his sentence was not imposed until 1998. Courts should consider "...whether delay in prosecution of a prior offense resulted in its inclusion..." in guidelines calculations. *U.S. v. Hammond*, 240 F. Supp. 2d 872, 877 (E.D. Wis. 2003), citing *U.S. v. Martinez*, 77 F.3d 332, 336-37 (9th Cir. 1996).

In Mr. Durazo's case, limited court records are available; however, a Pima County Pretrial Services report indicates that Mr. Durazo was arrested and the charges dismissed on September 25, 1992. The 1992 criminal damage matter was apparently re-filed in 1998. Pretrial services indicates "...it could not be determined whether the defendant was ever notified of any court hearings."

(Attachment "A"). Mr. Durazo pled guilty upon refile of the charge, received 3 years probation, paid $2, 355.50 in restitution and was discharged from probation. Thus, Mr. Durazo was not shown to be at fault for the delay in imposition of sentence in this misdemeanor criminal damage, a misdemeanor which now takes him out of safety valve consideration. Had he been sentenced in 1992, the Criminal History point for this offense would be out of the time-limit range. §4A1.2(e)(2). It is proper for this Court to adjust his sentence to minimize the effect of a technical application of the guidelines to this 1992 misdemeanor prior. **IV. SENTENCING RECOMMENDATION**

The PSR puts the defendant at Offense Level 36 and Criminal History II. A three-level adjustment for acceptance of responsibility brings the offense level to 33. With a departure for over-representation of criminal history, the defendant is in a sentencing range for Criminal History I. This make the defendant's sentencing range 135 - 168 months. The defendant respectfully requests a sentence of 135 months.

DATED this 6th day of July, 2009.

                                          Law Office of
                                          CLAY HERNANDEZ, P.C.

                                          ***S/CLAY HERNANDEZ***
                                          CLAY HERNANDEZ
                                          Attorney for Defendant Durazo

CERTIFICATE OF SERVICE

IT IS HEREBY certified that the original of the foregoing document was delivered ECF by Counsel to the following:

CLERK OF THE COURT

ASSISTANT UNITED STATES ATTORNEY FOR THE

NORTHERN DISTRICT OF OHIO

JOSE H. ROBLES, COUNSEL FOR CO-DEFENDANT JESSE CENCENA

DATED this 6th day of July, 2009.

                                              Law Office of
                                              CLAY HERNANDEZ, P.C.

                                              ***S/CLAY HERNANDEZ***
                                              CLAY HERNANDEZ
                                              Attorney for Defendant Durazo

# ATTACHMENT A

**PIMA COUNTY SUPERIOR COURT**
**PRETRIAL SERVICES**
Information And Recommendation
Regarding Release Conditions

FILED
JAMES N. CORBETT
CLERK SUPERIOR COURT
98 JAN -6 PM 2: 09
1-6-98
M. BARRIOS, DEPUTY

DATE: January 6, 1998

CR40490

ARRESTEE: SERGIO ABRAHAM DURAZO        DOB: 05/27/67
ALIAS(ES):     SERGIO SERRANO, SERGIO DURAZO-SERRANO

CURRENT CHARGE(S):

1.   CR-39910: CRIMINAL DAMAGE          CLASS 5      OFFENSE DATE: 09/07/92
2.   CR-40490: CRIMINAL DAMAGE          CLASS 5      OFFENSE DATE: 09/07/92

CURRENT PENDING STATUS: None Noted
HOLDS/DETAINERS: None Noted

PTS RECOMMENDATION REGARDING RELEASE: ROR

The defendant is before the Court for failing to appear at arraignments in CR-39910 (ORC: CRIMINAL DAMAGE), issued on 11/16/92 with a $2200 bond amount, and CR-40490 (ORC: CRIMINAL DAMAGE), issued on 01/27/93 with an $1100 bond amount. In case CR-39910, it should be noted this matter has been re-filed from an original arrest that occurred on 09/07/92. The defendant was released to Pretrial Services at his initial appearance and the charges were dismissed on 09/25/92. It appears in case CR-40490 a summons may have been sent to the defendant, but he was never arrested on the matter. The Court should note the Superior Court files were unavailable for review in both the above listed cases and it could not be determined whether the defendant ever received notice of any scheduled court hearings.

The defendant's verified ten years in Tucson, established housing with his girlfriend, and self-employment indicate he is not a risk for flight. There is no recent information in Attachment A to indicate a risk for rearrest is present. As it appears these warrants were not issued as a result of a wilful failure to appear, and as the defendant has verified community ties, release on personal recognizance is recommended.

RECOMMENDED CONDITIONS OF RELEASE:

[X] Have no contact with the alleged victim(s).
[X] Do not return to the incident location.

PESANO/ 70

MJ

ATTACHMENT B

# ARIZONA TRAFFIC TICKET AND COMPLAINT

CITY OF TUCSON — PIMA COUNTY — STATE OF ARIZONA

9821274²

**COMPLAINT:** 5689740
**Case Number:** 9802070194
Supplement / No Case Report

**DEFENDANT**
Driver License Number: A00305921 ID C420
State: AZ
Class: SUSPEND
Endorsements: H M N P T X D
as DL

First: SERGIO
Middle: ABRAHAM
Last: DURAZO

Residential Address: 1171 W. S. MARY'S RD.
City: TUCSON   State: AZ   Zip: 857

Sex: M   Weight: 155   Height: 5'10   Eyes: BRN   Hair: BRN   Origin: H   Date of Birth: 05-27-67

**VEHICLE**
Color: GRAY   Year: 1990   Make: SUBARU   Model: LEGACY   Style: 4DSD.
License Plate: NHA 143   State: AZ   Expiration: 06/98

Registered Owner/Address: ROBERTO ROBLES   2444 N. 14th AVE TUCSON, AZ 85705
VIN: JF1BC6224LKG15540

**SPEED** Approximate: 45   Posted: 35

**THE UNDERSIGNED SAYS THE DEFENDANT DID:**
ON Month: 02  Day: 07  Year: 98  Time: 0426 AM
LOCATION: S. MISSION / W. SILVERLAKE — IN TUCSON/PIMA COUNTY, AZ

**A** — Criminal Traffic — IN VIOLATION OF 28-3473 (C) — ARS
As Follows: DRIVING ON A COURT ACTION REQUIRED SUSPENDED DENIED LICENSE

**B** — Criminal Traffic — IN VIOLATION OF 28-1381 (A1) — ARS
As Follows: DRIVING WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR

**C** — Civil Traffic — IN VIOLATION OF 28-701(A) — ARS
As Follows: SPEED GREATER THAN REASONABLE + PRUDENT

**D** — Civil Traffic — IN VIOLATION OF 28-4135(C) — ARS
As Follows: NO PROOF INS

**E** — Civil Traffic — IN VIOLATION OF 28-2158(C) — ARS
As Follows: FAILURE TO DISPLAY REG. ON REQUEST

You must appear in: **CITY COURT, 103 E. Alameda, 1st Floor, Tucson, AZ 85701** ✗

VICTIM? NO
VICTIM'S RIGHTS: N/A

Criminal ✗ — Without admitting guilt, I promise to appear as directed in this complaint.
Civil ✗ — Without admitting responsibility, I acknowledge receipt of this complaint.

Signature: IN CUSTODY

Complainant: LUNA   PR# 35488   Div/Detail: 1/N

TPD2640 (9/96)   COURT'S COPY